GEORGE FOSTER v. CLARENCE MAJOR COOPER

197 So. 117
Division A ·
Opinion Filed June 14, 1940
Rehearing Denied July 12, 1940

494

*G. B. Fishback,* for Appellant;

*Tilden, Hays & Walker* and *A. Edwin Shinholser,* for Appellee.

BUFORD, J.—The appeal brings for review order affirming award by the Florida Industrial Commission which order of affirmance is as follows:

"This cause came on to be heard on appeal of both the parties herein from an award of the Florida Industrial Commission, and counsel for both of said parties submitted briefs for the Court's consideration, and the Court carefully considered said briefs and the record of said cause and was duly advised in the premises.

"Under the provisions of the law authorizing such awards or compensation orders to be reversed or modified by the circuit court, the Court finds that the findings of the Florida Industrial Commission were in all ways correct other than as to the allowance of attorney fees to counsel for the employee, Clarence Major Cooper, and said award should be modified so as to allow an attorney fee of $100. The Court further finds that said award or compensation order was made and served in accordance with law.

"It Is THEREFORE CONSIDERED, ORDERED and ADJUDGED that an attorney fee in the amount of $100 payable to Tilden, Hays & Walker, Attorneys for the claimant, Clarence Major Cooper, is hereby approved as reasonable and shall constitute a lien on the compensation herein awarded in accordance with law. Otherwise, the said award of the Florida Industrial Commission is in all ways affirmed.

"Done and ordered this 19th day of April, A. D. 1939."

Appellant presents for our consideration two questions, as follows:

"*First.* Can employees of a business conducted by husband and wife jointly be included with the employees of a separate business of the husband in order to increase the number of employees of the husband for the purpose of invoking the jurisdiction of the Florida Industrial Commission (Workmen's Compensation Division)?"

"*Second.* Can the Industrial Commission allow medical and surgical and nurses expense to one

"(a) Where the claims for the same have not been presented to the Commission on forms provided by the Commission?

"(b) Where the claims have not been presented to the Commission within twenty days from the completion of treatments or furnishing of services?"

There is no merit in the contention presented by the first question for the very simple reason that the status of a copartnership cannot exist between the husband and wife. A married woman is not competent to make a contract of partnership. She is without the legal capacity to assume such obligations. She has no separate legal existence; her husband and she are, in the eyes and contemplation of law, but one person. See Smith on Contracts, 307-308; Second Story Equity Jurisp :udence Sec. 1367; DeGraum v. Jones, 23 Fla. 83, 6 Sou. 925.

We think that the second question is without merit because the record shows that on the day following the accident in which the claimant was injured the employer, Foster, went to the hospital to which claimant had been taken and there ord :red all services rendered on behalf of the claimant which could be rendered to save him. The record shows that there was incurred in this regard an obligation for such services rendered in the sum of $632.95, $178.00 of which was for services of three physicians and the balance $455.95 was for hospital, nurses, and ambulance service.

The award was, as required by the Workmen's Compensation Act, limited to $500.00.

As we construe it, the requirement of the statute, *supra,* to the effect that no claim for medical, surgical or other remedial treatment should be valid and enforceable against the employer, unless, within twenty days following the

treatment, the physician giving such treatment furnish to the employer and the commission a report of such injury and treatment on a form prescribed by the commission, may be waived by the employer by conduct such as is shown to have existed in this case. The purpose of the statute is to protect the employer from the imposition of unfounded and fraudulent claims, but where the employer in person orders the treatment of the injured employee without limitation and thereby assumes the obligation to pay for the same, the necessity for the notice by presenting the claim to the employer and to the commission does not exist.

We think the decree of affirmance by the circuit court should be modified, however, so that it will direct the commission to pro-rate the award of $500.00 after deducting the $100.00 attorney's fee *pro tanto* between the parties to whom the payments are due and thereby leave each of them to pursue such remedy as they, respectively, may be advised against the employer for the balance claimed to be due under his alleged agreement to pay for the services rendered, if any such claim in law and fact exists.

On such modification of the order of affirmance, the same shall stand affirmed.

So ordered.

TERRELL, C. J., WHITFIELD and THOMAS, J. J., concur.

CHAPMAN, J., agrees to conclusion.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—On the evidence before the commission the commission held that as a matter of fact the service station and taxi business were different departments of the same business; that they were not separate and distinct enterprises; and that appellant Foster was

the sole employer of the men employed in both branches of said business. The circuit court, in my judgment, properly approved these findings. See Croft v. American Agricultural Chem. Co., 81 Fla. 55, 87 So. 41.