CONSOLIDATED GROWERS ASSOCIATION and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY v. MRS. IVA KRUSE, et al., and FLORIDA INDUSTRIAL COMMISSION.

31 So. (2nd) 545

July 29, 1947

June Term, 1947

Division B

*Maguire, Voorhis & Wells,* for appellants.

*Frank W. Stebbins* and *C. E. Duncan,* for appellees.

BUFORD, J.:

This is a case under the Workmen's Compensation Act of Florida.

The record shows that in November, or early in December, 1945, H. A. Kruse, while in the employ of Consolidated Growers Association, suffered an injury to his knee by an accident arising out of, and in the course of, his employment, that over the protest and insistence of the employer that he desist from work and go to a doctor for treatment, he continued to work until about March 2nd, 1946, when at the insistence and direction of the employer, he went to a doctor for advice and treatment of the injury. The insistence and direction of the employer thus given carried with it the necessarily implied instruction to Kruse to follow the advice, instruction and treatment prescribed by the doctor at the cost and expense of the employer. The doctor advised hospitalization.

Kruse was treated at the hospital until March 15th, 1946, when he was discharged, but the injury got no better and on May 9th he was again hospitalized and his injured leg was amputated above the knee. After the amputation he made an uneventful recovery and was discharged again from the hospital on May 19th, 1946.

He was next seen by his physician on May 25th, 1946, when he was suffering from diarrhea, nausea and vomiting, which prevailed for about four days. Other members of his family were suffering likewise. The doctor diagnosed his trouble as gastroenteritis, or an acute food poisoning. This developed uremia, of which he died on June 9th, 1946. Dr. Louis R. Bowden made a detailed written report to employer's insurer on June 17th, showing the condition, treatment and death of Kruse from February 21st, 1946, to the time of his death. This report was made within 20 days of the doctor's last treatment of Kruse. While this report was not on the forms prescribed, we consider it a substantial compliance when considered with other facts in this case. The prescribed forms of report were not filled out and presented until after 20 days from the date of Kruse's death but we do not deem this a bar to recovery because the employer had directed the employee to go to the doctor for treatment. See Foster v. Cooper, 143 Fla. 493, 197 So. 117. The failure or delay was not the fault of claimant. The employer, through its agents and servants promptly knew of the injury, directed Kruse to go to the hospital for treatment, knew he was being so treated, knew of the amputation, knew that he was receiving professional, medical and hospital treatment, knew that expenses were being incurred for such treatment and knew of the death of Kruse soon after he died and was in position to get any material information in regard to such matters as it may have desired. That it did not get other information cannot be charged to this claimant. It was the duty of the employer to advise his insurer of all matters of which the insurer should have been advised.

The claim was timely filed and diligently prosecuted.

On consideration of the cause, the Deputy Commissioner ordered:

"That Consolidated Growers Association, the employer, and American Mutual Liability Insurer Company, the insurer carrier, do pay compensation to Mrs. Iva Kruse, widow of Henry Albert Kruse, From February 21, 1946, to May 11, 1946, the date of the amputation of the deceased employee's leg, a period of 11 weeks, 3 days, for temporary total disability; and from the date of the amputation to June 9, 1946, date of the employee's death, a period of 4 weeks, 1 day, as compensation for scheduled injury or healing period; a combined total of 15 weeks, 4 days, at the weekly compensation rate of $16.19, a total amount of $253.65, and that same be paid in a lump sum."

On review by the full Commission, it was ordered:

"ORDERED That the employer and/or carrier pay compensation to the claimant widow herein at the rate of 60% of the average weekly wage, $16.19 per week, from the date of disability to the date of the death of the deceased, which is the compensation due the deceased during his lifetime. Thereafter, the employer and/or carrier shall continue the payment of compensation for death benefits to the claimant widow at the rate of $9.44 per week until terminated in accordance with the provisions of the Florida Workmen's Compensation Act. It is further

"ORDERED that the employer and/or carrier pay all medical, hospital, and doctor's bills incurred in connection with the treatment of the decedent. It is further

"ORDERED that the employer and/or carrier pay the claimant's attorney, Honorable Frank W. Stebbins, a total fee of $500 for services rendered before the Deputy Commissioner and the full Commission. It is further

"ORDERED that the Award entered by the Deputy Commissioner be and the same is hereby reversed, vacated and set aside."

On appeal to the Circuit Court, the Court ordered:

"IT IS CONSIDERED, ORDERED AND ADJUDGED that the Order of the Florida Industrial Commission herein dated November 25, 1946, and filed in the office of the Florida Industrial Commission on November 27, 1946, be and the same is hereby affirmed except that the provision of said

order reading as follows: 'Ordered that the employer and/or carrier pay all medical, hospital and doctors' bills incurred in connection with the treatment of the decedent,' is hereby modified to read as follows: 'Ordered that the employer and/or carrier pay the following medical, hospital and doctors' bills to the following, to-wit: to Louis R. Bowen his bill incurred in connection with the treatment of decedent in the amount of $469.00; to Matthew Arnow his bill incurred in connection with the treatment of decedent in the amount of $19.00; to Eugene L. Jewett his bill incurred in connection with the treatment of decedent in the amount of $50.00; and to Lake County Medical Center, Inc., its bill in connection with the treatment of the decedent in the amount of $532.95.'

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the assignments of error filed by the employer and the insurance carrier herein at the time of the filing of notice of appeal to the Circuit Court be and the same are hereby severally overruled."

We cannot concur in that part of the court's judgment affirming that part of the order of the full Commission wherein it held:

"Thereafter, the employer and/or carrier shall continue the payment of compensation for death benefits to the claimant widow at the rate of $9.44 per week until terminated in accordance with the provisions of the Florida Workmen's Compensation Act."

The record establishes the fact that Kruse died of a disease known as uremia and that death was not caused by the injuries received or resulting from the accident. It is true that the amputation which was the result of the accident, reduced the strength and power of resistance of the victim so that he became more readily susceptible to the ravages of disease but it does not follow that there is any causal connection betwen the injury and death.

The courts appear to have recognized a distinction between cases where an injury, because of a weakened condition resulting from disease, caused death, and cases where a disease, because of a weakened condition resulting from

injury, caused death. In the one class of cases it is held that the injury is responsible for the death and in the other class of cases it is held that the disease is responsible for the death. This case comes under the latter class. There is no evidence that the disease which caused death resulted from the injury. See May Department Stores v. Bell, 61 Fed. (2) 838; Bunnell v. State Workmen's Ins. Fund, 124 Pa. Super. 171, 188 Atl. 411; Slack v. C. I. Purcival Co., 198 Iowa. 54, 199 N.W. 323; Nicolaci v. Industrial Commission, 68 Ohio Appeals 233, 31 N.E. (2) 741; Texas Employer's Assurance Association v. Burnett et al., 129 Tex. 407, 105 S.W. (2) 200; Coburn v. North American Refactories Co., 295 Ky. 566, 174 S.W. (2) 757; Homer v. Nicholson, 198 Minn. 55, 168 N.W. 852.

Our conclusion is that the judgment of the Circuit Court which affirmed that part of the order of the full Commission reading as follows:

"Therefore, the employer and/or carrier shall continue the payment of compensation for death benefits to the claimant widow at the rate of $9.44 per week until terminated in accordance with the provisions of the Florida Workmen's Compensation Act," should be modified so as to reverse this part of the order of the full Commission and, when so modified, the order and judgment should stand affirmed. It is so ordered.

Affirmed in part with directions to modify.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.