**HALL v. AYOUB SUPER MARKET, et al.**

Industrial Commission.

September 10, 1953.

Edmond L. McMorrough, Hollywood, for claimant.

Dixon, DeJarnette & Bradford, Miami, for the employer and insurance carrier.

JAMES R. KNOTT, Deputy Commissioner.

James A. Hall sustained severe burns in a truck accident arising out of and in the course of his employment with Ayoub Super Market on U. S. highway no. 1 near Cocoa, Florida on April 28, 1952. He was taken to the Hollywood Hospital where he was rendered extensive treatment by Dr. R. J. Patterson and Dr. George B. Carver. Dr. Patterson's treatment of Hall continued until June 27, 1952. The first written report of his treatment was rendered to the insurance carrier for the employer under date of September 16, 1952. The carrier denies liability for Dr. Patterson's bill on the ground that a report of the treatment was first rendered more than 20 days after completion of such treatment.

Dr. Patterson testified that within a few days after the accident he made written request of the employer, Ayoub, for the name of his insurance carrier, but the employer failed to advise him of the name of the carrier, and instead requested that the "Surgeon's Report" be sent direct to the employer; that the written report in question was sent to the employer, Ayoub, about June 10, 1952. He further testified that upon learning the identity of the insurance carrier later, in September, 1952, he made a written report of the treatment to the carrier, as stated above. No reports were filed by him with the commission.

Ayoub was not present at the hearing to testify as to whether he received the report alleged to have been sent to him on June 10th by Dr. Patterson. The parties conceded that his absence was due to his "disappearance" because of criminal proceedings pending against him because of matters unrelated to this claim. However, it is pertinent to note that the "Employer's First Report of Injury," contained in the file of the commission, dated May 28, 1952, lists Dr. R. J. Patterson as one of Hall's attending physicians. This establishes the fact that the employer knew that Dr. Patterson was rendering treatment to the injured employee. The knowledge of the employer must be imputed to the carrier, since, legalistically speaking, the employer and carrier stand in the same shoes.

As stated, the record shows that the employer knew that Dr. Patterson was rendering treatment to Hall during the progress of the treatment—even though the carrier might not have had such knowledge. There is no indication that the employer objected to the treatment. Dr. Patterson was called to the hospital to treat Hall as an emergency case and according to his unrefuted testimony not only made a written report to the employer but tried to obtain from the employer the name of the insurance carrier, without success. In view of the uncontradicted testimony of the attending physician it must be held that his report was sent to the employer during the course of the treatment, and in the absence of evidence to the contrary, a presumption exists that the employer received the report. Under the doctrine of the case of Foster v. Cooper (Fla.), 197 So. 117, the failure of the attending physician to file a copy of his report with the commission within the prescribed period will not, in itself, defeat the right of the physician to recover against the employer and carrier.

Upon consideration, the claim of Dr. R. J. Patterson is held valid, and the insurance carrier, accordingly, is hereby ordered and directed to pay the reasonable expense of his treatment of the said injured employee, subject to the provisions of the medical fee schedule of this commission.