**MORAN v. H. C. NUTTING CO., et al.**

Industrial Commission.

August 15, 1955.

Seymour Kaplan, Miami, for the claimant.

Lawrence G. Lally, Miami, for the employer and insurance carrier.

JAMES T. VOCELLE, Chairman and WALTER L. LIGHTSEY, Commissioner.

This cause came on to be heard upon application of the employer and carrier for review of a deputy's order dated March 30, 1955 ordering them to reimburse claimant for all medical expenses incurred by him in connection with an injury sustained January 6, 1953, reimbursement for one doctor's bill being limited to the extent of its conformity with the commission's medical schedule.

Claimant's attorney filed an application for review with respect to the amount of the fee awarded him for representing the claimant, which also is before us for consideration. Although he did not file a brief nor appear for oral argument before the full commission, from our examination of the record we find that the fee awarded was reasonable and proper under the circumstances.

The carrier's primary contention is that the deputy erred in ordering it to reimburse claimant for the amount paid by him to Dr. Virgin, to the extent allowable under the commission's medical schedule, under the circumstances involved, which included the fact that Dr. Virgin did not furnish to the commission and to the employer a report within 20 days following the first treatment pursuant to section 440.13(1), Florida Statutes 1953, nor furnish any report until two months or more after his last treatment of claimant, and the further fact that claimant failed to notify the carrier of suit being filed by him against a third party tort feasor as required by section 440.39(3) and made settlement of such suit without notice to or knowledge of the carrier. The carrier argues that claimant did not have to pay this bill if he was relying on the employer to furnish remedial treatment as provided in section

440.13, and that the 20-day provision with respect to filing of the doctor's report should be strictly construed against the claim of the claimant for reimbursement, in view of the fact that claimant in effect has already received reimbursement of his medical expenses through the settlement of his third party suit.

Claimant sought the services of Dr. Virgin with the knowledge of the employer and, according to the record, the employer and carrier adopted his treatment. The record is devoid of any showing that the employer or carrier was prejudiced by the delay in the filing of Dr. Virgin's report. The fact that the claimant failed to give notice to the carrier of suit being filed against the third party tort feasor and made settlement of such suit without notice to or knowledge of the carrier has no bearing upon claimant's rights under the workmen's compensation law because the commission has no jurisdiction in connection with the application and administration of section 440.39 relating to suits against third party tort feasors.

In Foster v. Cooper (Fla.), 197 So. 117, the Supreme Court stated that the purpose of the 20-day requirement with respect to medical reports is to protect the employer from the imposition of unfounded and fraudulent claims, and that the employer by his conduct may waive the requirement. In the instant case it was stipulated that the employer and carrier "adopted" the treatment given claimant by Dr. Virgin, and it was shown that claimant sought the services of that doctor with the knowledge of his employer. Accordingly, we are convinced that the employer and carrier waived the requirements of section 440.13(1) with respect to the employee requesting the employer to furnish medical treatment and with respect to time for furnishing medical reports.

The deputy's findings of fact are supported by competent substantial evidence, his order accords with the essential requirements of the law, and it is affirmed.

JAMES CAMERON, Commissioner (dissenting).

I dissent from the majority because in my opinion the employee is not entitled under the statute to recover from the employer any part of the amounts expended by him for the medical treatments in question. It was not shown that he requested the employer to furnish the same and that the employer failed, refused or neglected to do so; but on the other hand, it appears that the employee chose to have the doctors treat him as a private patient without regard

to the benefits of or requirements of the workmen's compensation law, and that the failure of the doctors to furnish the commission and to the employer reports within twenty days following the first treatment as required by the law was in accordance with the wishes of the employee. Through a third party tort action and settlement the employee has recovered the amounts expended by him for such medical services, and in equity and good conscience he is not entitled to effect double recovery by now receiving said amounts from the employer when he has ignored the statutory prerequisites to such recovery. The employer at no time waived the requirements of the statute in this connection, and the principle stated in Foster v. Cooper, supra, is not applicable.