VETERANS ADMINISTRATION v. ALLEN, et al.

No. W-149182.

Industrial Commission.

July 16, 1959.

George W. Burke and J. S. Rodriguez, both of St. Petersburg, for claimant.

McNatt & Mathews, Jacksonville, for the employer and insurance carrier.

JAMES T. VOCELLE, Chairman and WALTER L. LIGHTSEY, Commissioner.

This cause came on to be heard upon application of the Administrator of Veterans Affairs, from a deputy commissioner's order dated December 12, 1958, denying a claim of the Veterans Administration for payment of certain remedial expenses in the amount of $3,182.52, for treatment furnished to the injured employee.

On March 4, 1958, the deputy commissioner entered an order awarding the injured employee workmen's compensation benefits. In the order the deputy commissioner found the employee to have been employed by one I. S. Steedley, a subcontractor who had no insurance coverage. The deputy further found one C. C. Allen to be the general contractor and the statutory employer of the injured workman, thus liable for workmen's compensation benefits pursuant to section 440.10, Florida Statutes.

In the March 4, 1958 order, the deputy commissioner ordered C. C. Allen, by and through his carrier, to pay the Veterans Administration Hospital bill; however, by an amendatory order dated March 14, 1958, the deputy stated that the employer—"shall pay forthwith all medical expenses for which proper reports have been filed with the Florida Industrial Commission, . . . as required by law and the Florida Workmen's Compensation Act, . . . ."

As a result of the amending order, the insurance carrier refused to pay the Veterans Administration Hospital bill, contending that the reports required by section 440.13, Florida Statutes, were not filed by the Veterans Administration. Accordingly, the Veterans Administration filed a claim for same, which is the subject of this review.

The deputy commissioner, in his order dated December 12, 1958, denying the claim, made the following "findings of fact and conclusions of law," viz.—

That John McLendon was the common law employee of subcontractor I. S. Steedley, who did not provide Workmen's Compensation coverage for his employees and that C. C. Allen, the prime contractor, was the statutory employer of said employee, pursuant to Section 440.10, Florida Statutes. On August 15, 1956, McLendon was injured by accident arising out of and in the course of his employment with said I. S. Steedley.

That the statutory employer, C. C. Allen, at no time until the first hearing for Workmen's Compensation benefits, held on December 2, 1957, knew that the injured McLendon was receiving medical, surgical or other remedial treatment at the Veterans Administration Hospital located in Lake City, Florida, and therefore, Allen did not waive his right to be furnished reports on forms prescribed by the Commission by the claimant, pursuant to Section 440.13(1), Florida Statutes, concerning the medical, surgical and remedial treatment.

That at no time did the claimant furnish McLendon's common law employer, I. S. Steedley, with any reports concerning the injury and the treatment on forms prescribed by the Commission.

That at no time did claimant submit any information by reports, or otherwise, concerning the injury and treatment to McLendon to the Florida Industrial Commission and to C. C. Allen, the injured McLendon's statutory employer, as required by Section 440.13(1); Florida Statutes.

That the injured employee, John McLendon, was a veteran of the United States Army, having served in World War II and that he had no assets of any nature from which to pay for medical, surgical or other remedial treatment when he entered the claimant's hospital on November 12, 1956.

That Section 440.13(1), Florida Statutes, as amended 1955, applied to this claim. It is found that claimant did not comply with said Section and therefore, the claim against the employer and carrier herein should be denied. If Section 440.13(1), Florida Statutes, as amended 1957, is applicable, it is found that claimant did not show good cause to excuse the failure of its physicians to furnish reports to the Industrial Commission, to the employer and to the carrier within the period prescribed and therefore, such failure by claimant is not excused. No matter which statute applies, the claim should be denied.

That the employee incurred no liability for the surgical, medical or other remedial treatment rendered him by claimant, as he was accepted for said treatment as an indigent veteran of World War II.

Based on the above finding of fact, the deputy commissioner denied the claim, and from his denial of the claim, the Veterans Administration has applied for a review, urging as error the deputy commissioner's conclusion that the general contractor did not waive his right to be furnished reports on forms prescribed by the commission.

Essentially, the deputy commissioner has denied the instant claim on two grounds, that is—(1) the injured employee was indigent, and being indigent, he personally was not liable for remedial treatment at the Veterans Administration Hospital, thus, the patient not being liable, the employer and carrier are not liable, and (2) the Veterans Administration Hospital failed to comply with the requirements of section 440.13, Florida Statutes, relating to the filing of certain reports and that the statutory employer, C. C. Allen, had not waived this requirement because he had no knowledge that the injured employee was receiving medical care.

We cannot agree with the deputy's conclusion that no liability under the Workmen's Compensation Law attaches because the employee was not liable for the payment of the hospital bill. There is an essential difference between common-law liability and workmen's compensation law liability. At common law, the basis for recovery is that one must show that he has suffered damages and as a consequence, if the hospital were to sue at common law, it would have to show an assignment of a claim (from McLendon) and would have to show that McLendon was liable for the remedial services. This is not true under workmen's compensation law,

as the action itself is essentially a contract between the various parties. Under the statutory contract, employers and carriers are required to furnish remedial treatment to an injured employee and a claim for remedial services is a direct claim, not a derivative claim.

We also cannot agree with the deputy's conclusion that, although the common-law employer knew that the injured employee was being treated by the Veterans Administration Hospital (as a matter of fact, the common-law employer was instrumental in seeing that the employee was admitted to said hospital for the reason that he could not afford to continue payments for remedial treatment at the private hospital), and that the common-law employer may have well waived furnishing of reports required by section 440.13—that this still gave the statutory employer the right to invoke the provisions of section 440.13. According to the deputy's approach, if an injured workman were to give notice of an injury within the 30 day statutory period to his actual employer, a subcontractor without workmen's compensation insurance coverage, but failed to give notice to the statutory employer, in that event the statutory employer would not be liable for benefits under the law. This approach would completely emasculate the basic purposes of the law in holding liable a contractor who does business with an uninsured subcontractor. The knowledge of the actual employer, Steedley, should be sufficient to effectuate a waiver.

In Foster v. Cooper, Fla. 1940, 197 So. 117, our Supreme Court held that an award of medical and nurses' expenses to a claimant was proper, even though no reports on forms provided by the commission had been submitted, where the employer had taken claimant to the hospital and requested all services rendered on behalf of claimant to help him. The court further went on to state that the requiring of reports within 20 days following treatment may be waived by an employer's conduct. It was further held that the reason and purpose of requiring reports within a certain period of time is to protect an employer from the imposition of unfounded and fraudulent claims. There is complete absence of inference of any fraud in connection with the instant claim. Furthermore, the record reveals that the Veterans Administration was unaware that this was a compensation case for some time.

In Consolidated Growers Assn. v. Kruse, Fla. 1947, 31 So. 2d 45, the court held the insurance carrier liable for a physician's bill, even though the physician had not furnished the commission and the employer a report within the prescribed time, where the employer had directed the employee to the physician and knew

of his hospitalization and treatment. Further, in the Moran v. The H. C. Nutting Co. case, Fla. 1955, 1 FCR 151, [8 Fla. Supp. 18], the full commission held that an employer, by his conduct, had waived the requirements of section 440.13 in that the physician's services were known by the employer and the employer had not been prejudiced by the delay in filing the reports. For the reasons cited above, we are of the opinion that as a matter of law, the deputy commissioner erred and that the statement for remedial services rendered claimant, submitted by the Veterans Administration should be paid. (See also Lyng v. Rao, Fla. 1956, 87 So. 2d 108).

Accordingly, it is ordered that that portion of the deputy's order denying and dismissing the claim in the amount of $3,182.52 for remedial services rendered by the Veterans Administration is stricken.

It is further ordered that the statutory employer, by and through its insurance carrier, forthwith pay $3,182.52 to the Administrator of Veterans Affairs, for remedial services rendered as a result of his injury.