134 So.2d 244 (1961)
RINGLING BROS.-BARNUM & BAILEY COMBINED SHOWS, INC., a Delaware corporation, and Continental Casualty Company, a corporation, Petitioners,
v.
Donald JONES and Florida Industrial Commission, Respondents.
No. 31146.
Supreme Court of Florida.
November 15, 1961.
Kirk, Pinkerton, Sparrow & Trawick, and Henry P. Trawick, Jr., Sarasota, for petitioners.
Paderewski & Cramer, Arthur D. Ginsburg, Sarasota, Paul E. Speh and Burnis T. Coleman, Tallahassee, for respondents.
TERRELL, Justice.
The parties to this cause are not in agreement as to facts out of which it originated. It does appear that on November 19, 1960, claimant, Donald Jones, was working for Ringling Bros.  Barnum & Bailey Combined Shows, Inc., hereinafter referred to as the "circus," and that said claimant was on the date last mentioned injured in a compensable accident while in the course of his employment. Claimant says that he immediately reported the accident to the circus employer, who failed to file reports of the injury as required by § 440.36, Florida Statutes, F.S.A., and who failed to furnish medical treatment and compensation as required by § 440.13 and § 440.20, Florida Statutes, F.S.A. Claimant also alleges that the circus failed to file notice to controvert with the Florida Industrial Commission as required by § 440.20(4), Florida Statutes, F.S.A., but that on December 29, 1960, it did mail to attorneys for the claimant a letter designated as a notice to controvert.
*245 December 12, 1960, claimant filed claim for compensation, medical expenses, past and future, and for weekly compensation benefits. December 22, 1960, claimant furnished the circus a complete statement of these expenses. January 18, 1961, the cause was called for hearing by the deputy commissioner at which time attorney for the circus complained that he had received no medical information except that from the commission and the statement from claimant. Attorneys for claimant then waived all claim for compensation and announced that he would seek compensation only for medical treatment, hospital, drug and doctors' bills. At the conclusion of taking the testimony the deputy commissioner found for the claimant and awarded him payment of all medical bills incurred by him and ordered the circus to furnish such medical attention as would be required. The deputy commissioner further ordered that the circus pay claimant a fee of $150 for his attorney. On appeal to the full commission the order and judgment of the deputy commissioner was affirmed. This appeal is by certiorari from the order of the full commission.
The petitioners first contend that attorneys' fees may not be allowed the claimant in workmen's compensation cases when payment for medical treatment only is awarded.
To support this contention petitioners direct our attention to the fact that attorneys' fees in workmen's compensation cases are awarded under § 440.34(1), Florida Statutes, F.S.A., which they construe to mean that an award of compensation is a prerequisite to an award of attorneys' fees. They rely on Royer v. United States Sugar Corporation, 148 Fla. 537, 4 So.2d 692; Sargent v. Evening Independent, Fla. 1952, 62 So.2d 58, Ferlita v. Florida Art Stucco Corporation, Fla. 1954, 74 So.2d 893; Townsley v. Miami Roofing & Sheet Metal Company, Fla. 1955, 79 So.2d 785; Virginian, Inc. v. Ponder, Fla. 1954, 72 So.2d 781, and Wick Roofing Company v. Curtis, Fla. 1959, 110 So.2d 385, to support this contention.
We have examined these cases and we do not think any of them rules the case at bar. The main question in Royer v. United States Sugar Corporation, supra, had to do with the payment of medical bills and whether or not such payment would extend the time for filing claims under the law then in effect requiring them to be filed within one year after the last payment of compensation was made. It is true, that in Royer v. United States Sugar Corporation, supra, we construed "compensation," to be within the meaning and intent of the workman's compensation act, as not including medical and hospitalization service furnished a claimant by an employer. However, it is clear that compensation orders entered under said act normally include awards for costs, medical and hospitalization service, and attorney's fees in addition to compensation benefits. Petitioners urge that a compensation order can not award attorney's fees unless the compensation order also awards compensation benefits as prescribed in §§ 440.15 and 440.16, Florida Statutes, F.S.A. Our decision in Virginian, Inc. v. Ponder, supra, is cited by petitioners as authority for this contention. The pertinent portion of said decision may be read in 72 So.2d at page 783, bottom of column one, but the facts in that case are so at variance with those in the case at bar that it could not be controlling here.
After hearing on the claim in the last cited case, the deputy commissioner entered a compensation order denying the claim and dismissing the cause. The deputy's compensation order was on review affirmed by the full commission. On appeal to the circuit court [proper procedure at the time] the order of the full commission was reversed and a new trial ordered. The circuit court awarded an attorney's fee to claimant's counsel. On appeal to this court, we reversed the judgment of the circuit court, holding, inter alia, that an award of attorney's fees was improper in a workman's compensation case in advance of a successful adjudication of an award. By this, we meant in advance of the entry of *246 an award benefitting the claimant. In the case at bar such an award was entered for the claimant in a sum for medical bills and treatment as well as costs. Examination of all the other cases relied on reveals that they treat principles remote from that involved in the case at bar, so we can find no reason in law or logic for holding that an award of compensation is prerequisite to an award of attorneys' fees. To hold that payment of compensation benefits was a prerequisite to an award of attorneys' fees in the face of the entry of an award benefitting the claimant, such as was entered herein, would amount to nullification of § 440.34(1), Florida Statutes, F.S.A., despite the requirement that we are required to resolve any doubts that may be shown to exist in favor of the working man.
The second and last question presented is whether or not payment for medical bills may be allowed when medical reports are not filed within ten days as required by § 440.13(1), Florida Statutes, F.S.A., and good cause is not shown for failure to file them.
It is true that § 440.13(1), Florida Statutes, F.S.A., directs the claimant to furnish the employer medical reports within ten days of the date first treatment is administered, on the pain of absolving the employer from liability for payment therefor. However, at the outset the circus employer contended that the employment of claimant was casual and being so, it was not the employer and was not responsible for payment of any benefits under the act. It further appears that the circus did little or nothing required of it by the cited statute, denied the case was controlled by said act or that it was an employer thereunder, yet it now seeks to be treated as an employer under said act.
It further appears that the circus failed to file reports required by § 440.36, Florida Statutes, F.S.A., failed to provide medical treatment for claimant, failed to provide weekly benefits after it was given notice of the injury and failed to file proper notice to controvert, in view of all of which it does seem that the conduct of the circus was so inconsistent and unreasonable that by its conduct it waived the requirements of § 440.13(1), Florida Statutes, F.S.A., Foster v. Cooper, 143 Fla. 493, 197 So. 117, and Consolidated Growers Assn. v. Kruse, 159 Fla. 405, 31 So.2d 545, both support the doctrine of waiver under such circumstances.
For the reasons so stated, certiorari is denied.
It is so ordered.
ROBERTS, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.