186 So.2d 507 (1966)
GEIGER DISTRIBUTORS, INC., and Iowa Homo Mutual Insurance Company, Petitioners,
v.
John SNOW and the Florida Industrial Commission, Respondents.
No. 34071.
Supreme Court of Florida.
May 11, 1966.
Howard N. Pelzner, Miami, for petitioners.
Williams & Jabara, Miami, J. Franklin Garner, Lakeland, and Patrick H. Mears, Tallahassee, for respondents.
JAMES LAWRENCE KING, Circuit Judge.
The Petitioners, Geiger Distributors, Inc. and Iowa Home Mutual Insurance Company, seek review by certiorari of an order of the Florida Industrial Commission, reversing the Deputy Commissioner's holding that the condition suffered by the Respondent, John Snow, pre-existed the accident of December 2, 1959, and was therefore not compensable.
The Respondent, by cross petition for certiorari, asserts error in the order of the Full Commission affirming the Deputy Commissioner's ruling that the treating physician was not entitled to payment for *508 his services. The Commission ruled the Deputy had erroneously determined that the Statute of Limitations had run but that he was correct in denying payment of the doctor's bill predicated on the doctor's failure to file a timely claim for his services.
The Respondent suffered a compensable accident on December 2, 1959, when a pressurized charge of freon gas escaped from an air conditioning system he was over-hauling and struck his hands full force, freezing them to a pipe for two minutes before he was able to extricate himself. He immediately reported the accident to his employer, Geiger Distributors, Inc. and was driven by one of the corporate officers to the office of Doctor Richard Mayer for treatment of his injuries.
The doctor submitted his first report on December 15, 1959, and his final medical report on February 6, 1960, for which he was paid in full.
On June 29, 1960, the Respondent, Snow returned to Doctor Mayer for further treatment to his hands. On this occasion the doctor submitted two reports, one on July 27, 1960, and a final report on October 20, 1960, for which he was again paid in full for his services. Mr. Snow requested and received authorization from his corporate employer for the resumption of medical treatment for his injuries.
The Respondent next returned to Doctor Mayer on March 2, 1961, and the doctor, on March 22, 1961, filed his report on the appropriate Industrial Commission form. On this last occasion the doctor continued treating the Respondent without further reporting until his interim billing October 18, 1962. Although the bill for services was received by the Petitioner carrier on October 22, 1962, it was not filed with the Commission until November 28, 1962, some five weeks later.
The employer knew that Mr. Snow had returned for further medical treatment in March of 1961, and that he had received treatment throughout the pendency of these proceedings. The Respondent advised his employer each time that he missed work for treatment and, in fact, used the company truck to go to the doctor's office on a number of such occasions.
Agents of the petitioner insurance carrier referred Mr. Snow to Doctor Hollis F. Garrard on October 24, 1962. Doctor Garrard did a full medical examination of the patient including a microscopic examination for fungi. The fungus examination was negative and the doctor concluded the patient was suffering from hyperkeratosis and fibrositis causing permanent damage to the peripheral vessels nourishing the hands. These conditions were, in the doctor's opinion, causally related to the freezing accident.
A claim for compensation was filed with the Industrial Commission March 28, 1963. Thereafter, the Respondent was examined by Doctor Wiley Sams on May 20 and June 7, 1963. At the initial examination Doctor Sams made fungus cultures from four areas of the Respondent's body, all of which were negative. On June 7, the doctor made cultures from one hand, one foot, the left elbow and buttocks. Of the four cultures taken two were positive for fungi but the doctor's records did not indicate from which areas of the body positive cultures were taken. It was the diagnosis of Doctor Sams that the Respondent's trouble with his hands was a fungus infection of the skin which may or may not have been the complete cause of all of the thickening and hyperkeratosis present on both his hands and feet.
Upon the foregoing facts the Full Commission correctly vacated that portion of the Deputies' order holding the physical condition of Respondent to be the result of a pre-existing fungus infection, upon the basis that the Deputies' finding was not supported by competent substantial evidence as required by the opinion of this Court in United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.
*509 A Deputy Commissioner may, unquestionably, exercise his discretionary right to accept the testimony of one doctor over that of one or more of his colleagues. This discretion must however, be solidly rooted in a firm foundation of fact to support the opinion of the expert upon whom the Deputy chooses to rely. This Court held in Harris v. Josephs of Greater Miami, Inc., Fla., 122 So.2d 561, that expert medical opinion regarding causation of an injury does not eliminate necessity of proving essential facts to support the opinion and such an opinion has no evidentiary value unless supported by competent substantial evidence. The testimony of Doctor Sams clearly fails to establish the existence of a fungus infection on the Respondent's hands and the Deputy therefore had no factual basis for his conclusion that Mr. Snow's present suffering was a result of a pre-existing fungus condition.
The question presented by Respondent's cross petition for certiorari is whether or not payment for medical bills for the third resumption of treatment may be allowed when medical reports are not filed within ten days as required by § 440.13(1), Florida Statutes, F.S.A.
On the last series of treatment commencing March 2, Doctor Mayer did not file his report until March 22, 1961. Although the statute clearly requires the claimant to furnish the employer medical reports within ten days of the first treatment, this requirement may be waived by conduct of the employer such as is shown to have existed in this case.
It appears from the record that the employer, through its corporate officers immediately knew of the Respondent's injury, took him to the treating doctor, knew and acquiesced in his original treatment, knew and acquiesced in his resumption of treatment on June 29, 1960, and knew and acquiesced in his third resumption of treatment on March 2, 1961. It was the duty of the employer to advise its carrier of these facts and the responsibility for their failure to do so can not be charged to the Respondent. Foster v. Cooper, 143 Fla. 493, 197 So. 117, Consolidated Growers Assn. v. Kruse, 159 Fla. 405, 31 So.2d 545, Ringling Brothers-Barnum & Bailey Combined Shows v. Jones, Fla., 134 So.2d 244, support the doctrine of waiver under such circumstances.
It is ordered that the Petition for Writ of Certiorari filed by original Petitioners be, and it is, hereby denied.
It is further ordered that the Writ of Certiorari brought by Respondent and Cross-Petitioner, John Snow be issued as prayed and that portion of the Full Commission's order denying payment of Doctor Mayer's bill for failure to timely file reports, be and it is, reversed with directions to the Florida Industrial Commission to enter an appropriate order for the payment of said medical services.
THORNAL, C.J., ROBERTS, DREW and O'CONNELL, JJ., and KING, Circuit Judge, concur.