MILLS, Judge.
In this workers’ compensation case, Holmes appeals from an order denying compensation, contending that the deputy commissioner did not adequately review *1237 the evidence submitted on her behalf and, further, there is a lack of competent substantial evidence to support his determination of no entitlement to benefits. We disagree and affirm.
Holmes is a fifty-four-year-old woman who has worked as a front-line cook for Homosassa Springs since 1971. On 28 January 1983, while removing some food from a broiler, she slipped on a wooden mat which caused her to twist her right leg. Holmes complained of extreme pain after the accident, but did not seek medical attention until 7 February 1983. She was initially treated by Dr. Cosand who placed a cast around her ankle. Holmes is a diabetic and has been insulin dependent since 1968.
On 16 February 1983, after the cast had been removed, Holmes was seen by Dr. Boholst, a vascular surgeon. Dr. Boholst testified that in his opinion Holmes suffered from arterial insufficiency in the right leg. In addition, he stated that ather-osclerotic disease is often related to diabetes and the high incidence of circulatory problems in diabetics.
Following this, on 29 March 1983, Holmes sought treatment from Dr. Fuller, who conducted a series of tests and examinations which included computer vascular studies and arteriograms. The results of this analysis confirmed Dr. Boholst’s diagnosis of atherosclerotic disease and prompted Dr. Fuller to perform bypass surgery in order to restore the blood supply in Holmes’ right foot.
Dr. Fuller opined that in all probability the atherosclerotic disease developed over an extended period and was the result of a build-up in cholesteral, due in part to heredity and diet. Dr. Fuller also rendered the opinion that Holmes’ vascular condition and resulting surgery were not directly related to her on-the-job injury.
Holmes next contacted Dr. DeWitt Jones, an orthopedic surgeon, on 7 June 1983. From Dr. Jones’ testimony it appears that only a limited physical examination was conducted from which he diagnosed tarsal tunnel syndrome.
Holmes sought temporary disability and wage loss benefits. The employer/carrier controverted on the grounds there was no job relationship with the current condition and disability being claimed and, therefore, no benefits due. The deputy denied all compensation. He found that the medical condition that Holmes suffered from was not causally connected to the industrial accident of 28 January 1983.
The deputy adopted the testimony of Dr. Fuller and rejected that of Dr. Jones for the reason he did not examine Holmes until after Dr. Fuller’s surgery and had no access to any of the medical records concerning treatment prior to his intervention.
Before there can be an award of benefits, the claimant must demonstrate that the injury is causally connected to her employment. For conditions not readily observable or discoverable without medical examination, proof of causation must be based upon reasonable medical probability. Turner v. Harmon, 438 So.2d 1030 (Fla. 1st DCA 1983).
Dr. Fuller, who conducted the most extensive examination and treatment of Holmes, specifically stated there was no relationship between her condition and the work accident and provided other more logical causes. This testimony provided the deputy with competent substantial evidence to support the findings in his order. See, Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983).
Furthermore, a deputy has within his discretion the right to accept the testimony of one physician over another so long as the discretion is solidly rooted in a firm foundation of fact to support the opinion of the expert upon whom the deputy chooses to rely. Geiger Distributors, Inc. v. Snow, 186 So.2d 507 (Fla.1966). In this case, the deputy followed the guidelines set forth in Geiger Distributors, supra, and provided a rational factual basis for his acceptance of Dr. Fuller’s testimony over that of Dr. Jones.
*1238 Regarding Holmes’ second contention, she argues that the deputy’s method of requiring counsel to read into the record the depositions of expert witnesses, rather than personally reviewing them, demonstrates incomplete consideration of the evidence. This argument is without merit. Holmes’ counsel had every opportunity to submit by reading the entire testimony of all expert witnesses, including Dr. Jones, and did not do so.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.