476 So.2d 262 (1985)
VERO BEACH CARE CENTER and Associated Industries of Florida, Appellants,
v.
Betty RICKS, Appellee.
No. BE-267.
District Court of Appeal of Florida, First District.
September 27, 1985.
*263 Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellants.
Vincent A. Lloyd of Lloyd, Brown, Fowler, Hoskins & Becht, Ft. Pierce, and Martha C. Warner, Stuart, for appellee.
SMITH, Judge.
The employer/carrier (E/C) appeal an order of the deputy commissioner granting claimant Betty Ricks past and future remedial medical treatment. The (E/C) contend that the deputy's order was facially defective for failure to include a finding that claimant's complaints were causally related to her industrial accident. Alternatively, the E/C assert that there is no competent, substantial evidence which would support a finding of causality. We affirm the award of past medical and reverse the award of future medical.
Claimant was employed by appellant, Vero Beach Care Center, as a dietary aide when she suffered her industrial accident, which the E/C acknowledged as compensable, on March 8, 1982. Claimant slipped on a wet floor, fell, and struck her head. Claimant was referred by the E/C to Dr. Panakos, an orthopedic physician. Although claimant testified to the contrary at the hearing below, Dr. Panakos' office records indicated that claimant complained of pain located in the neck and back of the head, but made no complaints of pain in the lower back. Claimant discontinued visiting Dr. Panakos a short time later after having received conservative treatment. Claimant was later terminated from employment with Vero Beach Care Center, for reasons unrelated to her industrial accident. She began to visit Dr. Benitez, her family physician, in September 1982, complaining of headaches and low back pain. According to the doctor's office notes, claimant dated the onset of her back pain as July 1982, a month in which she gave birth to a son. Claimant was again treated conservatively for her complaints of pain.
Claimant did not seek additional medical care for her complaints of low back pain until April 25, 1984, when she was examined by Dr. Susan Puls, an orthopedic surgeon. Dr. Puls conducted an extensive physical examination of claimant, which yielded essentially normal results. Claimant was also sent by Dr. Puls to Delray Community Hospital for x-ray and CAT scan testing. Dr. Puls testified below by way of deposition that a CAT scan of claimant's lumbar spine revealed a bulging disc at L4-5, possibly degenerative, of unknown etiology. Dr. Puls testified that claimant's bulging disc might be consistent with her complaints of pain, and that a myelogram would be helpful in determining this question. *264 However, Dr. Puls was not able to causally relate claimant's industrial accident to claimant's complaints of low back pain, within reasonable medical probability. In fact, Dr. Puls testified, the only medical procedures which might aid in answering the question of causation, x-rays and a CAT scan, had already been performed on claimant, with inconclusive results.
We agree with the E/C that the deputy reversibly erred in ordering the payment of future remedial medical treatment for claimant's complaints of low back pain. First, the deputy's order is facially deficient in failing to include a factual finding of causation between claimant's medical complaints and her industrial accident, Mobley v. Fulford Van and Storage, 390 So.2d 426 (Fla. 1st DCA 1980), since such a causal connection is necessary to trigger an E/C's obligation to pay for medical treatment. G.F.G. Janitorial Service v. Gonzalez, 406 So.2d 1245 (Fla. 1st DCA 1981). Secondly, and more importantly, we also agree with the E/C's contention that the record below contains no competent, substantial evidence which would have supported a finding of causation, had the deputy made such a finding. Dr. Puls was not able to causally relate claimant's complaints of low back pain to her industrial accident, and there is no other medical evidence indicating a causal relation. There being no medical evidence of causation, claimant here has not met her burden of proving that her medical condition was causally related to her industrial accident, Holmes v. Homosassa Springs, Inc., 466 So.2d 1236 (Fla. 1st DCA 1985). This case calls for application of the rule, often stated, that lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable. Handy v. Golden Gem Growers, Inc., 454 So.2d 69 (Fla. 1st DCA 1984).[1] There is nothing in the evidence presented here which would justify departure from that rule. Accordingly, that portion of the deputy's order appealed from which requires the E/C to furnish claimant future remedial care is reversed, and on remand, the deputy shall strike that part of the decretal portion of the order.
However, that portion of the deputy's order granting claimant's request that the E/C pay for all charges incurred by Dr. Puls, as well as the Delray Community Hospital, in examining claimant in conjunction with Dr. Puls' past diagnostic treatment is affirmed, since after-the-fact findings of non-causation do not affect a claimant's entitlement to diagnostic treatment for on-going complaints of pain. Lewis v. Town and County Auto Body Shop, 447 So.2d 403, 406 (Fla. 1st DCA 1984); Barris v. Toppers of Florida, Inc., 382 So.2d 441, 442 (Fla. 1st DCA 1980).
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] Soft-tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons. Cintas Corp. v. Price, 424 So.2d 900 (Fla. 1st DCA 1982).