THOMPSON, Judge.
Employer/carrier (E/C) appeal a workers’ compensation order directing that claimant be provided with evaluation and treatment, “if necessary” by an endocrinologist. We affirm the award of evaluation, but reverse the award of treatment.
Claimant injured his low back in a com-pensable accident in 1982. Approximately two years later he developed a thyroid nodule. His authorized treating physician, a specialist in internal medicine and rheuma-tology, recommended that claimant be seen by an endocrinologist and opined that the nodule may have developed as a result of the stress and anxiety of claimant’s accident.
The deputy commissioner’s award of evaluation was proper; however, the award of treatment is improper unless a sufficient causal connection is established between claimant’s industrial accident and his medical complaints. Vero Beach Care Center v. Ricks, 476 So.2d 262 (Fla. 1st DCA 1985); Lewis v. Town & Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984). The record before us does not show a causal connection between claimant’s industrial accident and his thyroid *108 nodule. The results of the evaluation may provide the deputy commissioner with sufficient evidence to make a determination whether the requisite causal connection exists in order to award treatment.
AFFIRMED in part, REVERSED in part.
ZEHMER and BARFIELD, JJ., concur.