[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14335

Non-Argument Calendar

_____

HENRIETTA PHILLIPS,

Plaintiff-Appellant,

*versus*

DELTA AIR LINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-80413-DMM

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Henrietta Phillips appeals the district court's grant of summary judgment to Delta Airlines, Inc., on her state-law negligence claim based on injuries she sustained as a passenger on a Delta flight. She argues the district court abused its discretion on several scheduling matters and that it erred in awarding summary judgment to Delta. After careful consideration, we affirm.

## I.    BACKGROUND

In 2019, Phillips flew on a Delta flight from Fort Lauderdale, Florida to Raleigh, North Carolina to visit her grandchildren. She contends that she was injured when she experienced a "violent jolt inside the cabin," due to Delta's negligence in operating the aircraft during landing. Her injuries consist of permanent back and spinal injuries, including a compression fracture in her spine. On February 26, 2021, Phillips sued Delta alleging that Delta's failure to "train its flight crew in the safe and non-hazardous operation of its aircraft" contributed to the hard landing.

Despite the scheduling order's May 19 deadline for disclosing her expert witnesses, Phillips submitted her sole expert witness on June 23, a week after Delta's deadline for expert witness disclosure. Delta filed a motion to strike the witness, which Phillips opposed. The district court granted the motion. At the end of November, the district court granted Delta's motion for summary

judgment, concluding that Phillips did not meet her burden of causation due to a lack of medical testimony. Phillips timely appealed.

## II.    STANDARD OF REVIEW

We review an award of summary judgment *de novo*, viewing the facts in the light most favorable to the nonmovant. *See Zivojinovich v. Barner*, 525 F.3d 1059, 1061 (11th Cir. 2008). Summary judgment is appropriate where "there is no genuine issue as to any material fact," and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 319, 322 (1986).

## III.    DISCUSSION

Although Philips raises several issues about the district court's scheduling order, there is only one dispositive issue on appeal: whether the district court erred in awarding summary judgment to Delta on Phillips's state-law negligence claim.

The district court granted summary judgment because Phillips did not disclose a medical expert who could testify that the airplane's landing caused her injuries. To establish negligence, Florida law requires that a plaintiff show that the defendant breached a legal duty owed to the plaintiff, and the plaintiff suffered actual harm as a result of the injury that was actually and proximately caused by the breach. *Zivojinovich,* 525 F.3d at 1067. Expert testimony is required "to establish causation where the issue is beyond the common knowledge of laymen." *Benitez v. Joseph Trucking, Inc.*, 60

4                    Opinion of the Court                    21-14335

So. 3d 428, 431 (Fla. 5th DCA 2011). Under Florida law, "[s]oft tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons." *Vero Beach Care Center v. Ricks*, 476 So. 2d 262, 264 n.1 (Fla. 1st DCA 1985).

As an initial matter, Phillips contends that the district court abused its discretion by striking the expert witness that she disclosed—an expert in aviation. Phillips contends that this expert testimony "was of the utmost importance," and that her case had "little hope" in succeeding once the district court excluded her expert, since that testimony would have created a genuine issue of material fact. But this argument is unpersuasive because the expert she sought to introduce was not a medical expert.

Delta's medical expert testified that he believed Phillips's fracture occurred before the flight, because "MRI scans indicated an old fracture consistent with osteoporosis unrelated to trauma," and Phillips "felt no immediate pain and did not seek immediate medical attention." Because Phillips did not provide any medical evidence to dispute this testimony, the district court correctly concluded that summary judgment for Delta was appropriate. *See Benitez*, 60 So. 3d at 431; *Vero Beach*, 476 So. 2d at 264 n.1.

Without any evidence on causation due to her failure to introduce expert medical testimony, Phillips's negligence claim ultimately fails. Accordingly, we do not address her remaining arguments regarding the district court's scheduling orders or its order granting Delta's motion to strike Phillips's lay witnesses.

21-14335                Opinion of the Court                5

## IV.   CONCLUSION

For the foregoing reasons, we **AFFIRM**.