413 So.2d 833 (1982)
William G. KELLY, Appellant,
v.
FLORIDA ATLANTIC UNIVERSITY and Division of Risk Management, Appellees.
No. AF-456.
District Court of Appeal of Florida, First District.
May 6, 1982.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., of West Palm Beach, for appellant.
C. Randal Morcroft, Fort Lauderdale, for appellees.
PER CURIAM.
This appeal concerns the interpretation to be placed on the deposition testimony of Doctors Murphy and Huntington on the degree of physical impairment suffered by claimant. We note that the evidence in question was by deposition and that our vantage point in interpreting the deposition is not inferior to that of the deputy. See Phipps v. Sheffman, 211 So.2d 598 (Fla. 3d DCA 1968) and Dukes v. Dukes, 346 So.2d 544 (Fla. 1st DCA 1976). We REVERSE and REMAND with directions.
Doctor Murphy testified that claimant suffered a 5% physical impairment; Doctor Huntington testified that claimant suffered a 20% physical impairment. We see no error in the deputy's acceptance of Dr. Huntington's testimony over that of Dr. Murphy. However, the deputy reduced the physical impairment to be awarded to 10% because he concluded that the 20% figure included an improperly assigned 10% disability for functional impairment. Although there are apparent incongruities in Dr. Huntington's testimony as to the basis for his assignment of 20% physical impairment, we are convinced that these incongruities arise from semantic difficulties with the words of art, "impairment" and "disability." Nevertheless, the doctor explicitly testified that:
Q. And what was your final opinion on permanent physical impairment from the injury in the accident, sir?
A. Was that he had a 20 percent disability of his lower back.
Q. Is that opinion of 20 percent disability to the low back the same as a 20 percent permanent physical impairment to the body as a whole, sir?
A. Yes.
This exchange persuades us that Dr. Huntington was testifying that the 20% impairment was physical, and that his use of "disability" was not an improper reference to disability in the sense of a loss of wage earning capacity. Accordingly, we REVERSE and REMAND with directions to award 20% physical impairment to the claimant.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.