SHAW, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order, contending, inter alia, that the deputy commissioner erred in finding that decedent engaged in unusual exertion prior to suffering a myocardial infarction and in relying on the expert testimony of Dr. Sanet. We agree and reverse.
The E/C is a Miami distributor of magazines and periodicals to Latin American countries. Decedent was a seventy-four year old accountant in the employer’s circulation department, whose duties included controlling the return of unsold magazines distributed throughout Latin America. In May, 1980, decedent traveled to Guatemala to account for and confirm the destruction of unsold copies distributed through Dela Riva Brothers, the employer’s Guatemalan distributor. Two employees of Dela Riva Brothers deposed that, on the morning of decedent’s death, they bundled and positioned stacks of unsold magazines for decedent to conduct his count and record his tally, and that the magazines were to be taken away for destruction by employees of Dela Riva. These two employees testified that decedent had been sitting at a table for five or ten minutes reconciling his figures when he suffered the fatal attack. The subscription manager of Dela Riva deposed that she had observed the decedent earlier in the day and on previous days supervising and controlling the work and moving packages to the side after completing his count. She also testified that she was not present when the decedent suffered the fatal attack and was told of the circumstances by the two employees assisting decedent. All three employees testified that decedent had been in Guatemala earlier in 1980 on a similar mission. An autopsy performed on decedent revealed that he had suffered a previous heart attack.
In his order the deputy found that decedent’s job duties during his ten years of employment involved no physical activity and were totally sedentary in nature. The deputy also relied on the testimony of Dr. Sanet who examined the autopsy report and the deposition of the Dela Riva subscription manager. Based on the assumption that decedent was an accountant performing only sedentary work in the Miami office who was sent to Guatemala to count, stack, and destroy magazines, Dr. Sanet opined that decedent’s physical activities were unusual and that the overexertion killed him. Dr. Wetli, who performed the autopsy and reviewed the depositions of the three Dela Riva employees and the decedent’s written job description, opined that decedent’s death was related to the preexisting heart disease and not the work activities. Based on the same evidence, Dr. Lerner opined that decedent died of the preexisting heart disease and not the work activities.
We are aware that an appellate court will not ordinarily reevaluate the weight or relative credibility of witnesses; that a deputy has discretion to accept the testimony of one doctor over others; and that the deputy’s findings of facts should be *614 affirmed if supported by competent substantial evidence. In this instance, however, the deputy’s finding that decedent’s activities on the day of his death were unusual and non-routine to his regular employment is unsupported by competent substantial evidence. Indeed, this finding is contrary to the deposition testimony of the Déla Riva Brothers employees that the decedent had travelled to Guatemala earlier in 1980 for the same purpose, and of the deposition of decedent’s widow that she had accompanied decedent on Latin American business trips in previous years when his duties included similar activities. Further, the deputy’s finding is also contrary to the written description of decedent’s job duties submitted by appellant employer. We note in passing that the evidence concerning decedent’s work activities on the day of his death was received by deposition and that the deputy had no opportunity to personally observe the witnesses. Thus, his vantage point is not superior to that of this Court. See Kelly v. Florida Atlantic University, 413 So.2d 833 (Fla. 1st DCA 1982).
The deputy’s reliance on the expert testimony of Dr. Sanet is also misplaced. Like the deputy’s findings, Dr. Sanet’s opinion was based on the unsupported assumption that decedent’s job duties involved no physical activities and were totally sedentary. By contrast, the expert opinions of Doctors Wetli and Lerner, that decedent’s work activities were not unusual and were not a causal factor in the myocardial infarction, which the deputy rejected, were based on relevant record evidence. As this Court held in Gold Coast Paving Co., Inc. v. Fonseca, 411 So.2d 259, 261 (Fla. 1st DCA 1982), “[wjhile a Deputy Commissioner has discretion to accept the testimony of one physician over that of another, ‘[tjhis discretion must ... be solidly rooted in a firm foundation of fact to support the opinion of the expert upon whom the Deputy chooses to rely.’ Geiger Distributors, Inc. v. Snow, 186 So.2d 507, 509 (Fla.1966).”
In Victor Wine & Liquor Inc. v. Beasley, 141 So.2d 581 (Fla.1962), reh. granted, the court established the rule that when disabling heart attacks are precipitated by work-connected exertions affecting a preexisting non-disabling heart disease, such injuries are compensable only if the employee was subjected to non-routine, unusual strain or overexertion. The deputy’s order finding that decedent on 15 May 1980 was engaged in non-routine, unusual exertions is not supported by competent substantial evidence.
We REVERSE.
LARRY G. SMITH and JOANOS, JJ., concur.