429 So.2d 1292 (1983)
METRIC CONSTRUCTORS, INC. and Aetna Casualty & Surety Company, Appellants,
v.
Earnest CHILES, Appellee.
No. AI-392.
District Court of Appeal of Florida, First District.
April 12, 1983.
Margaret E. Sojourner of Haas, Boehm, Brown & Rigdon, P.A., Daytona Beach, for appellants.
David M. Hammond of Meyers, Mooney, Adler & Hammond, P.A., Orlando, for appellee.
MILLS, Judge.
Metric Constructors, Inc. and Aetna Casualty & Surety Company (E/C) seek review of a deputy commissioner's order which awarded medical and temporary total disability (TTD) benefits to Chiles. Chiles failed to establish a causal connection between the industrial accident and his epididymitis. We reverse.
Chiles, a 27-year-old industrial worker, was injured at work on 27 October 1980 when he picked up a load of concrete and *1293 attempted to lift it over his head. Immediately following the accident, he felt pain in his right testicle and later developed a knot in his abdominal area. Dr. Butler diagnosed the abdominal pain as resulting from a hernia. He subsequently performed surgery to repair the condition. The E/C paid all benefits due as a result of the hernia.
When Chiles continued to suffer pain in his testicle, he was referred to Dr. Helmling, a urologist. Dr. Helmling diagnosed Chiles' condition as epididymitis  an inflammation of the tubules which connect the testicle to the vas deferens. After drug therapy failed to cure this pain, Dr. Helmling performed surgery to remove the epididymis.
He testified that the epididymitis was possibly, but not probably, related to the industrial accident or subsequent hernia repair. He stated that epididymitis can occur either spontaneously, as a result of infection, or as a result of some trauma-related injury. He never detected any abnormal amount of infection in Chiles and was of the opinion that it was speculative to connect the industrial accident and epididymitis.
Chiles testified at the hearing that he had never experienced pain in his testicle before the injury and that he had begun to feel the pain immediately thereafter.
Based upon this testimony, the deputy commissioner found that "the logical cause of this condition was the original injury and the resulting surgery. There is no evidence of any pre-existing condition or of any other subsequent occurrence that could reasonably be said to have caused the condition." We hold that the deputy commissioner erred in so finding.
A workers' compensation claimant must prove the existence of a causal connection between his employment and the injury. The existence of causation will not be presumed. Gadsden County Board of Public Instruction v. Dickson, 191 So.2d 562 (Fla. 1966). Moreover, we have repeatedly held that the claimant must prove the existence of causation based upon reasonable medical probability. Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla. 1970); Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980); Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981). Dr. Helmling's speculation as to the cause of Chiles' epididymitis is not sufficient to establish causation based upon reasonable medical probability.
Nor is the testimony of Chiles, even when coupled with that of Dr. Helmling, sufficient to establish causation. While reasonable medical probability may be established by lay or medical testimony, lay testimony is not sufficient to establish a causal relationship between the accident and conditions which are not readily observable or discoverable without medical examination. Although Chiles could testify as to the existence and location of the pain, epididymitis is not the type of affliction which is readily observable or discoverable without medical examination. Therefore, his bare assertions that he had never before experienced this type of pain and that the pain began to occur after the injury are not sufficient to establish causation.
Even if Chiles had proved causation, we still would be compelled to reverse that portion of the order which awarded TTD benefits. The deputy commissioner found that Chiles was temporarily totally disabled from 27 March 1981 to 11 June 1981, at which time he returned to work. Chiles himself testified however that he worked up until two weeks before the epididymectomy, which was performed on 11 May. It was error to award TTD benefits for a period during which Chiles was on the job. Cling Electric, Inc. v. Jones, 376 So.2d 481 (Fla. 1st DCA 1979).
Reversed.
ERVIN, J., and AGNER, ROYCE (Associate Judge), concur.