438 So.2d 1030 (1983)
Charles TURNER, D.D.S. and Chubb Group Insurance, Appellants,
v.
Waydean D. HARMON, Appellee.
No. AR-178.
District Court of Appeal of Florida, First District.
October 13, 1983.
Rehearing Denied November 2, 1983.
*1031 Bernard J. Zimmerman and Paul J. Morgan, of Akerman, Senterfitt & Eidson, Orlando, for appellants.
J. Michael Matthews, Altamonte Springs, for appellee.
WIGGINTON, Judge.
As the sole issue for review in this workers' compensation case, employer/carrier contend that the deputy commissioner erred in finding appellee's hand injury compensable. We agree and reverse.
On September 16, 1981, while performing the task of cleaning her employer's office, appellee sustained an industrial injury to her right hand by accidentally hitting it on a wooden surface. She noticed immediate swelling and the appearance of a big knot. Dr. Stevens initially treated appellee and instructed her to return to work.
The employer/carrier responded to appellee's request for examination by an appropriate specialist and she was referred to Dr. Urbach, an orthopedic surgeon who first saw her in October of 1981. At that time, his examination revealed no indication of a hematoma but he found the need for exploratory surgery to determine the nature of a mass detected in appellee's hand. Dr. Urbach performed the surgery in November, 1981 and excised the mass, finding it to be a "huge lipoma, which is a fatty tumor." His testimony was that such tumors have no known cause and her tumor would have taken at least three to six months to develop. He believed that the tumor was the cause of appellee's pain but, finding no evidence of hemorrhaging in the area, opined that it was not related to the trauma she suffered on September 16. He concluded that if the accident had aggravated the lipoma and caused superficial hemorrhaging, then that aggravation had subsided by the time of the surgery.
Employer/carrier initially accepted the injury as compensable and paid temporary total disability benefits from September 16 to December 9 and paid appellee's medical bills through the time of her surgery. Appellee filed her claim for continuing temporary total disability benefits as well as attorney's fees, costs, interest, penalties, and medical bills incurred after the date of surgery.
The deputy found the injury to claimant's right hand compensable based upon her testimony and that of Dr. Urbach, who stated that the trauma of the accident "could have aggravated the preexisting lipoma at least temporarily." The deputy's order further concluded that causation does not have to be proved within reasonable medical certainty or probability and may be proved by lay testimony in matters within the witness's experience.
Substantial competent evidence does not support the deputy commissioner's finding of compensability. No evidence in the record causally relates appellant's present hand condition to her accident. Dr. Urbach stated conclusively that the lipoma was not causally related to the hand trauma suffered by appellee on September 16. Benefits for any possible aggravation of the lipoma have already been paid.
Contrary to the deputy's conclusion, proof of causation between an accident and a condition, in a workers' compensation claim, must be based upon reasonable medical *1032 probability. See Metric Constructors, Inc. v. Chiles, 429 So.2d 1292 (Fla. 1st DCA 1983), and cases cited therein. In Chiles, the medical testimony established a "possible, but not probable," relationship between the industrial accident and subsequent epididymitis. Mr. Chiles could only add that his pain began to occur after the injury. This Court cited error in the deputy's finding of compensability because neither the doctor's speculation as to the cause nor the lay testimony of Mr. Chiles  of his experiencing pain  was sufficient to establish causation based upon reasonable medical probability. Chiles at 1293.
REVERSED.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.