MILLS, Judge.
In this workers’ compensation action, the employer/carrier appeal from an order awarding Hand permanent total disability benefits. We agree with the employer/carrier’s contention that the deputy commissioner erred in finding Hand’s injury causally connected to her employment and therefore reverse.
Hand worked for the Osceola County property appraiser. On 11 November 1980, Hand was at work lifting plastic maps when she felt pain in her back. Soon after this accident, Hand saw Dr. Perez, a general practitioner.
On 13 November 1980, Dr. Perez had x-rays taken of Hand’s spine. The x-rays showed osteoporosis and scoliosis, but no fractures. Dr. Perez diagnosed lumbar sprain and prescribed medication.
By 1 December 1980, Hand had returned to work. She continued to work until 18 May 1981. On that date, she was at work, opening the bottom drawer of a file cabinet, when her back started hurting again. The next day, Hand returned to Dr. Perez complaining of pain in the lower back.
Dr. Perez had x-rays taken on 1 June 1981. In contrast to the x-rays taken in November 1980, these x-rays showed a compression fracture of a vertebra. Dr. Perez referred Hand to Dr. Schroeder, an orthopedist.
Dr. Schroeder also took x-rays and noted the compression fracture. He testified that in his opinion, based on reasonable medical probability, the compression fracture occurred in May 1981. But Dr. Schroeder also testified, based on reasonable medical probability, that the compression fracture was not work related.
Another orthopedist, Dr. Pearson, also saw Hand. Dr. Pearson agreed Hand sustained a compression fracture, but was unable to testify, based on reasonable medical probability, that the compression fracture was causally connected to Hand’s employment.
Despite the absence of medical testimony concerning causation, the deputy found the compression fracture resulted from an industrial accident on 18 May 1981. The deputy further found Hand suffered permanent impairment caused by the compression fracture and based the permanent total disability award thereon.
Before benefits are awarded, there must be a showing that the injury is causally connected to the employment. For conditions not readily observable or discoverable without medical examination, proof of causation requires medical testimony, based on reasonable medical probability, that the injury is causally connected to the claimant’s employment. Metric Constructors, Inc. v. Chiles, 429 So.2d 1292 (Fla. 1st DCA 1983); Turner v. Harmon, 438 So.2d 1030 (Fla. 1st DCA 1983).
In the case before us, the deputy related the compression fracture to Hand’s employment without the requisite medical testimony. The award of benefits must therefore be reversed. Of course, the award of costs and attorney’s fees to the claimant must also be reversed. We need not reach the other issues raised on appeal.
REVERSED.
SHIVERS and WIGGINTON, JJ., concur.