MILLS, Judge.
Handy, the claimant in this workers’ compensation action, appealed the deputy commissioner’s order granting in part and denying in part Handy’s claim for medical benefits. The employer/carrier (E/C) cross-appealed. The appeal was dismissed after Handy failed to file a brief. We consider only the cross-appeal and reverse in part.
Handy was the victim of an industrial accident when he fell from a ladder on 29 May 1980. On four occasions during November and December 1982, he went to a hospital emergency room and was treated for problems related to hypertension. Despite the fact that she specifically found no evidence of causal connection between the industrial accident and the hypertension, the deputy required the E/C to pay for these emergency room visits based on her finding that Handy reasonably believed there was a causal connection.
For conditions not readily observable or discoverable without medical examination, proof of causation requires medical testimony based on reasonable medical probability that the injury, or in this case the hypertensive condition, is causally connected to the employment. Osceola County Commissioners v. Hand (Fla. 1st DCA 1984) [9 FLW 1505]; Turner v. Harmon, 438 So.2d 1030 (Fla. 1st DCA 1983); Metric Constructors, Inc. v. Chiles, 429 So.2d 1292 (Fla. 1st DCA 1983). There is no good faith exception to this requirement. A claimant’s reasonable belief that his condition is causally connected to the industrial accident is irrelevant.
That part of the order requiring the E/C to pay for the claimant’s emergency room visits is reversed.
BOOTH and BARFIELD, JJ., concur.