530 So.2d 1006 (1988)
COMPUTER PRODUCTS, INC. and Underwriters Adjusting Company, Appellants,
v.
Margie WILLIAMS, Appellee.
No. 88-322.
District Court of Appeal of Florida, First District.
August 24, 1988.
Charles A. Williams, of Williams and Williams, Lake Worth, for appellants.
Eugene N. Betts, P.A., Fort Lauderdale, for appellee.
JOANOS, Judge.
In this workers' compensation appeal, the employer Computer Products, Inc., and carrier Underwriters Adjusting Company, seek review of the deputy commissioner's order awarding temporary total disability and medical benefits. Two issues are presented for our review: (1) whether the deputy commissioner's finding of causal relationship between claimant's cervical condition and the April 7, 1980, industrial injury is supported by competent substantial evidence; and (2) whether the deputy commissioner improperly found claimant's counsel is entitled to a reasonable attorney's fee, without an evidentiary hearing or factual findings setting forth the basis for a fee. We affirm.
On April 7, 1980, claimant suffered a back injury in a work-related accident. In 1981, claimant underwent back surgery necessitated by the 1980 industrial accident. Subsequently, claimant experienced problems with her neck, and the orthopedic surgeon who had been treating her compensable back injury, began treating her neck problems as well.
On September 1, 1987, claimant filed a claim for benefits, seeking temporary total disability benefits from July 22, 1987, and continuing, attorney's fees (bad faith), costs and interest. The employer and carrier controverted, on the theory that claimant's cervical disc herniation was not causally related to the April 7, 1980, work-related injury.
The evidence before the deputy commissioner consisted of claimant's testimony *1007 given at the hearing, and the deposition of Dr. Horvath, the treating physician. Claimant testified briefly that her neck problems began approximately one year after Dr. Horvath performed surgery on her back. Dr. Horvath, who continued to treat claimant's back injury, also provided care for her neck problems. Claimant also stated that in 1972 she was involved in an automobile accident in which she sustained a whiplash injury to her neck. As a result of the whiplash injury, claimant was out of work for thirteen weeks. Medical treatment for the 1972 injury was provided by Dr. Carroll, a chiropractor.
Dr. Horvath's deposition reflects that he first saw claimant on March 16, 1981. Claimant gave a history of an April 7, 1980, vertical fall at work in which she experienced immediate back and left leg pain. Dr. Horvath performed a laminectomy, after which he continued to see claimant periodically. Dr. Horvath's records reflect that claimant's cervical complaints dated from July 23, 1982. He stated claimant's cervical problems are caused by a herniated disc which is causing neurological deficits, and requires surgery. When asked to give his opinion regarding the cause of claimant's herniated disc, Dr. Horvath said the neck injury was caused by trauma related to the industrial accident.
Dr. Horvath testified that he had no history that claimant had suffered a neck injury in a 1972 automobile accident, and he had not seen any medical records relating to a 1972 injury. During the course of his treatment of claimant, she presented no complaints of neck problems prior to July 1982. According to Dr. Horvath, a vertical fall such as the one suffered by claimant in the 1980 industrial accident can cause a vertical compression problem and a herniated disc. He noted that while whiplash is the most common cause of herniated disc, whiplash would not result in the kind of neck injury which claimant presented.
In an order dated January 7, 1988, the deputy commissioner directed the employer and carrier to pay temporary total disability compensation from July 22, 1987, and continuing so long as claimant is temporarily totally disabled, and to furnish the services of a neurosurgeon for such surgical intervention as he deems necessary. The order further states that claimant's counsel is entitled to a reasonable attorney's fee, and jurisdiction was retained on the issue of an attorney's fee.
It is well settled that an award of workers' compensation benefits rests upon a showing that the subject injury is causally related to the employment, Osceola County Commissioners v. Hand, 458 So.2d 1134 (Fla. 1st DCA 1984), and that "a finding of causal relationship must be based upon a reasonable medical probability  not possibility." Scotty's, Inc. v. Jones, 393 So.2d 657, 658-659 (Fla. 1st DCA 1981). See also Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla. 1970). Medical evidence of causality is of particular significance when the subject injury is not readily observable, as in soft tissue injuries involving the spine. In such instances, while medical evidence is essential to a finding of causation within reasonable medical probability, Peters v. Armellini Express Lines, 527 So.2d 266 (Fla. 1st DCA 1988), and cases cited therein, a single medical opinion is sufficient to establish a causal relationship between the claimant's physical condition and the claimant's employment. International Minerals & Chemical Corp. v. Buckley, 526 So.2d 760 (Fla. 1st DCA 1988).
In this case, the necessary medical evidence pertaining to causal relationship was provided by Dr. Horvath's deposition. We conclude the deputy commissioner's finding that claimant's cervical condition is causally related to the 1980 work-related accident is supported by competent substantial evidence. Dr. Horvath's unrefuted testimony causally related claimant's cervical condition to the industrial accident. Although the employer and carrier suggested the 1972 whiplash injury was the more probable cause, no medical testimony was offered in support of this position. Therefore, the deputy's finding of causal relationship is affirmed.
*1008 We find it unnecessary to determine the second point raised in this appeal. We agree with claimant's counsel that the deputy commissioner did not determine the employer and carrier were responsible for an attorney's fee for claimant's counsel. Rather, we interpret the order's reference to an attorney's fee as simply the deputy commissioner's finding that claimant's counsel was indeed entitled to a fee, and an expression of his intent to determine responsibility for payment of the fee at a later date.
Accordingly, the deputy commissioner's order is affirmed.
ERVIN and NIMMONS, JJ., concur.