557 So.2d 896 (1990)
Concetta Baio SEVERINI, Appellant,
v.
PAN AMERICAN BEAUTY SCHOOL, INC. and Travelers Insurance Company, Appellees.
No. 89-715.
District Court of Appeal of Florida, First District.
February 28, 1990.
*897 Barbara B. Wagner, Deerfield Beach, for appellant.
James F. Robinson of DeCesare & Salerno, Fort Lauderdale, for appellees.
ZEHMER, Judge.
Concetto Baio Severini appeals a final order denying her workers' compensation claim for temporary total disability benefits and medical care after March 1988. Benefits were denied on the ground that her injuries and disabilities after that date were not related to the December 1987 compensable accident, but rather were solely attributable to an independent, intervening accident that occurred during February 1988 and was not work related. Finding the record lacking in competent, substantial evidence to support the findings of the judge below, we reverse.
All of the medical testimony in this case was presented by deposition. In reviewing findings of fact based on a transcript of testimony rather than witnesses testifying live before the lower tribunal, this appellate court is in an equal position to judge both the credibility and probative value of such transcribed testimony. McCabe v. Bechtel Power Corp., 510 So.2d 1056 (Fla. 1st DCA 1987); Metropolitan Transit Authority v. Bradshaw, 478 So.2d 115 (Fla. 1st DCA 1985); Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983); Kelly v. Florida Atlantic University, 413 So.2d 833 (Fla. 1st DCA 1982); Dukes v. Dukes, 346 So.2d 544 (Fla. 1st DCA 1976), cert. dismissed, 351 So.2d 1021 (Fla. 1977). Our review of the testimony reveals a lack of the requisite competent, substantial evidence to support the finding in the appealed order that claimant's herniated disc was not causally related to the December 1987 compensable accident. Contrary to the stated basis for the finding on this issue, Dr. Reitman did not give any opinion with regard to whether claimant's medical problems after March 1988 were related to the December 1987 accident. The only doctor who did render an opinion on this issue, Dr. Lazar, testified that claimant's herniated disc was related to the December 1987 accident. While a judge of compensation claims has the discretion to accept the opinion of one physician over that of another, Patterson v. Wellcraft Marine, 509 So.2d 1195 (Fla. 1st DCA 1987), the judge may not reject unrefuted medical testimony of a party's expert witness without a reasonable explanation for doing so. Bray v. Electronic Door-Lift, Inc., 558 So.2d 43 (Fla. 1st DCA 1990); Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989). Because Dr. Lazar's testimony regarding causation is unrefuted and the judge below did not give a reasonable explanation for rejecting it, claimant carried her burden of establishing a logical cause for her injury and condition. The employer did not show a more logical cause by competent, substantial evidence. See Bray v. Electronic Door-Lift, Inc., 558 So.2d at 46.
The order must, therefore, be reversed and the cause remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
SHIVERS, C.J., and JOANOS, J., concur.