WOLF, Judge.
Claimant, Charles Lindsay, appeals a workers’ compensation order denying the compensability of his injuries and benefits related thereto. Benefits were denied on the basis that claimant’s compensable injury had healed with no residuals and that claimant’s current complaints are as a result of a prior serious condition. Finding the record to be lacking in competent, substantial evidence to support these findings, we reverse.
In April 1986, while self employed, claimant suffered a broken left arm and left leg in an on-the-job fall. Claimant was admitted to the hospital and surgery was performed to repair both breaks. He was able to return to work in early 1987. Sometime after March 1987, claimant started working for appellee/employer (TVS Trucking, Inc.). On August 16, 1987, claimant slipped and fell on a loading dock while checking his loaded truck. Following the fall, claimant’s shoulder became painful and swollen.
When claimant returned to Orlando on August 17, 1987, he reported the injury to his employer. Claimant was treated by a Dr. Brady, who diagnosed a deep contusion and told claimant to make a follow-up appointment. Claimant was reimbursed for this medical treatment by his employer one week later.
In about a week, after returning to work, claimant’s arm began to get numb. He never kept his follow-up appointment with Dr. Brady. The claimant stated the reason was that he did not have the money.
Claimant left work for TVS Trucking in January 1988 and went to Tennessee with his family. While several co-workers testified that claimant was having some physical problems prior to leaving, he never reported the problem to the employer or requested to see the doctor again. While claimant was in Tennessee, he did not work.
About six months later, claimant returned to Orlando. He saw Dr. Christopher, an orthopedic surgeon, on November 9, 1988. Claimant complained of left shoulder pain, tingling in his left hand and decreased motion. Dr. Christopher saw claimant again on June 19, 1989.
Based upon his independent physical examination, the report of Dr. Baker who treated claimant for the 1987 injury, and the claimant’s work history, Dr. Christopher’s opinion was that the claimant needed physical therapy and evaluation of the cervical spine.
At a deposition, which was presented into evidence, Dr. Christopher was given a hypothetical situation indicating that claim *866 ant had a significant prior shoulder injury, that four months before he began working as a truck driver, he underwent shoulder manipulation and that claimant was able to do his job without apparent difficulty until the injury of August 16, 1987. Based upon the hypothetical, the doctor concluded that claimant’s current condition was as a result of an aggravation of a preexisting condition.
No evidence was presented to controvert claimant’s current physical condition or which would contradict Dr. Christopher’s opinion that the August 16, 1987, injury aggravated the previous condition.
In an order dated August 7, 1989, the judge found the claimant suffered a com-pensable accident on August 16, 1987, which is long since healed “with no residuals,” and found the “claimant’s current complaints are as a result of his prior serious condition.”
The judge based his findings on the fact that he found claimant’s testimony to be incredible.
It appears that there is no dispute concerning claimant’s present condition. The sole issues are whether the claimant’s on-the-job injury of August 16, 1987, had healed and whether the present condition was caused solely by the 1986 injury. Causation of non-observable injuries is essentially a medical question. Thomas v. The Salvation Army, 562 So.2d 746 (Fla. 1st DCA 1990); Blocker v. Ardmore Farms, 524 So.2d 1081 (Fla. 1st DCA 1988) rev. denied 531 So.2d 167 (Fla.1988) A judge of compensation claims may not reject un-refuted medical testimony as to causation without a reasonable explanation for doing so. Severini v. Pan American Beauty School, 557 So.2d 896 (Fla. 1st DCA 1990).
In the instant case, while there may have been some reason to question claimant’s credibility, the judge of compensation claims never specifically enumerated why the claimant’s lack of credibility led him to reject Dr. Christopher’s testimony. In addition, the judge found that claimant’s injuries of August 16, 1987, had healed and that claimant’s current condition is as a result of his prior injuries. These findings are medical in nature and inherently are in conflict with Dr. Christopher’s testimony. There is absolutely no evidence on the record to support the judge’s findings and no sufficient reason given to reject Dr. Christopher’s opinion.
Based upon the reasoning enumerated in Severini, the judge’s order must be reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
SHIVERS, C.J., concurs.
BOOTH, J., dissenting with written opinion.