568 So.2d 503 (1990)
Michael J. MALLON, Appellant,
v.
FLORIDA ROCK INDUSTRIES, INC. and Underwriters Adjusting Company, Appellees.
No. 89-1640.
District Court of Appeal of Florida, First District.
October 16, 1990.
John T. Fryback, Bradenton, for appellant.
Nancy L. Cavey, St. Petersburg, for appellees.
PER CURIAM.
Appellant seeks reversal of a compensation order which denied benefits on the ground that appellant had failed to prove his injury was causally related to his employment. We affirm.
Appellant, who was 45 years of age at the time of the hearing, testified that he has spent most of his life working primarily as an unskilled manual laborer, though he has never worked the same job for more *504 than a year. He testified that he had worked at Florida Rock Industries for approximately three months as a laborer when, near the end of December 1987, he began to experience arm pain. Appellant testified that the pain in his right arm was more severe than in his left. On Christmas Eve, appellant went to the emergency room for bronchitis or asthma complaints, later described as "flu-like" symptoms, but made no complaint concerning arm pain. According to his testimony, appellant continued to suffer arm pain, and on February 15, 1988, suffered a shooting pain in his right arm while shoveling sand at work. However, no notice of accident was filed; and when appellant went to the emergency room that evening, he denied suffering an injury at work and made no complaint regarding pain in his left arm. An orthopedic surgeon later examined appellant on referral and found him to have a normal range of motion in the right shoulder with a questionable reduced grip strength. Approximately two months later, complaining of pain in both arms, appellant left his employment at Florida Rock.
In November 1988, at the instance of his counsel, appellant saw Dr. Raymond, a physiatrist[1], reporting that he had suffered bilateral arm pain since December 1987, and that he had hit a rock while shoveling which worsened the pain in the right arm. Dr. Raymond opined that appellant most likely suffered from "diffuse myalgias" (muscle pain).
The record reveals that in 1984, appellant had gone to the emergency room complaining of numbness in the right arm, at which time neuritis was diagnosed. The record further indicates that after leaving Florida Rock, appellant continued to suffer arm pain.
A claim was made for temporary total or temporary partial benefits from the date appellant left Florida Rock and continuing, payment of past medical bills, authorization of future care, penalties, interest, costs and attorney fees. The JCC found the appellant's testimony unreliable, and further found that even if the appellant's testimony was accepted, there was still no competent and substantial evidence to support a claim based on either specific accident or repeated trauma. The JCC also found that appellant failed to prove that his employment at Florida Rock was the logical cause of his injury. In so finding, the Judge rejected the opinion of the physiatrist, Dr. Raymond, that appellant's condition was due to overuse at Florida Rock. The JCC observed that Dr. Raymond believed other conditions could have caused the pain, so further testing needed to be done, and that the doctor knew only that appellant was involved in heavy labor, and was without knowledge of the specific nature of appellant's work at Florida Rock. The JCC also noted that the history given by appellant to Dr. Raymond differed from the histories previously given.
After reviewing the record, we are unable to agree with the appellant that the JCC erred in rejecting the appellant's testimony and in finding the medical evidence insufficient to support his claim. The JCC's rejection of appellant's testimony was adequately illustrated with references to the inconsistencies in that testimony. Compare, Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA), rev. denied, 513 So.2d 1062 (Fla. 1987). Questions regarding the credibility of witnesses "are solely within the province" of the JCC and "his resolution of those questions will not be reversed unless clearly arbitrary and unreasonable." Jones v. Citrus Central, Inc., 537 So.2d 1123, 1125 (Fla. 1st DCA 1989), quoting John Caves Land Development Co. v. Suggs, 352 So.2d 44, 45 (Fla. 1977). As for the Judge's rejection of Dr. Raymond's opinion regarding causation, it is well established that a finder of fact is not required to accept an opinion which is not supported by the facts of record. Northwest Orient Airlines v. Gonzalez, 500 So.2d 699 (Fla. 1st DCA *505 1987). Having found no cause to reverse, the order is AFFIRMED.
SMITH, WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Physiatry is a specialty of physical medication and rehabilitation which focuses on disabilities such as stroke, paralysis, spinal cord injuries and the like.