636 So.2d 891 (1994)
Elna PATTON, Appellant,
v.
METAL INDUSTRIES and Commercial Risk Management, Appellees.
No. 93-353.
District Court of Appeal of Florida, First District.
May 18, 1994.
Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, J.W. Chalkey III, Ocala, for appellant.
*892 Nancy L. Cavey, St. Petersburg, for appellees.
MICKLE, Judge.
Claimant, Elna Patton, appeals from an order of the judge of compensation claims (JCC) denying and dismissing her claim for medical care and treatment of her neck condition. We reverse and remand for the JCC to offer a reasonable explanation for his apparent rejection of unrefuted medical testimony indicating a causal connection between Claimant's cervical condition and her industrial accident. Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA), rev. den., 513 So.2d 1062 (Fla. 1987); Younkman v. Waste Collection Services, 576 So.2d 801, 803 (Fla. 1st DCA 1991).
Workers' compensation law requires a claimant to prove "the existence of a causal connection between the employment and injury for which benefits are sought." "[T]he existence of causation must be based upon reasonable medical probability." Thomas v. Salvation Army, 562 So.2d 746, 749 (Fla. 1st DCA 1990). The issue of causation of Claimant's non-observable injuries is "essentially a medical question." Turner v. G. Pierce Wood Memorial Hospital, 600 So.2d 1153 (Fla. 1st DCA 1992); Lindsay v. TVS Trucking Co., 565 So.2d 864 (Fla. 1st DCA 1990). The JCC found that "Claimant's present neck condition was not caused nor aggravated by her industrial accident of June 8, 1982 when she fractured her right leg[,] because the symptoms of that [neck] condition are too remote in time from the date of the accident."
Neurosurgeon Dr. Kaplan, who treated Claimant's neck problems beginning in January 1992, stated in a deposition that Claimant's "osteophyte neck symptoms" and pain are causally related to her industrial accident. The JCC expressly rejected Dr. Kaplan's opinions as to causation, finding that the doctor's conclusions were based partly on the misperception that Claimant had "wrenched her neck" at the time of the work incident. We do not disturb the JCC's findings as to Dr. Kaplan's medical testimony. Mallon v. Florida Rock Industries, Inc., 568 So.2d 503 (Fla. 1st DCA 1990) (JCC may reject physician's opinion as to causation where opinion is unsupported by facts in the record); Northwest Orient Airlines v. Gonzalez, 500 So.2d 699, 701 (Fla. 1st DCA 1987).
However, as we noted in Computer Products, Inc. v. Williams, 530 So.2d 1006, 1007 (Fla. 1st DCA 1988), even a single medical opinion is sufficient to establish a causal relationship between a claimant's physical condition and the employment. Thomas, 562 So.2d at 749. Dr. Hubbard, an orthopedic surgeon who treated Claimant from November 1987 through May 1991 for injuries not specifically related to her neck, reported that she had "global complaints" of pain. Hubbard agreed with Dr. Kaplan that Claimant's neck condition at C5-6 (moderately severe cervical spondylosis, or arthritic changes, with osteophytes) is related, within reasonable medical probability, to her work accident. Hubbard opined that the level of her condition is "abnormal" for someone in Claimant's age group. He was not surprised to see advanced changes in the C5-6 area a number of years after the 1982 accident, as he agreed with Dr. Kaplan that it would take at least three years and perhaps longer for an osteophyte to reach that size. Additionally, he stated that the formation of a bone spur like Claimant's would not necessarily have been painful, as the record indicates that she was given anti-inflammatory medication that could have masked even significant signs of pain.
Other than the bare acknowledgment in the order that Dr. Hubbard's deposition is included as an exhibit in the record, the JCC did not mention Hubbard, nor did the JCC address Hubbard's unrefuted testimony finding a causal relationship. Our holding should not be construed as an indication one way or another as to how the JCC should treat Hubbard's medical testimony. Bray v. Electronic Door-Lift, Inc., 558 So.2d 43, 46 (Fla. 1st DCA 1989) (questions regarding credibility of witnesses are solely within JCC's province). Nevertheless, because it appears to us that the JCC may have overlooked or ignored Dr. Hubbard's testimony or, alternatively, because the reasons for the apparent rejection of Hubbard's testimony are not apparent from the record, we must reverse the *893 order and remand for the JCC to make proper findings. Younkman, 576 So.2d at 803; ATE Fixture Fab v. Wagner, 559 So.2d 635 (Fla. 1st DCA 1990); Severini v. Pan American Beauty School, Inc., 557 So.2d 896 (Fla. 1st DCA 1990) (JCC cannot reject uncontroverted medical testimony as to causation without providing a reasonable explanation for doing so); Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989).
REVERSED and REMANDED, with directions.
MINER and DAVIS, JJ., concur.