PER CURIAM.
In this workers’ compensation case, the employer and carrier appeal from an order awarding benefits to the claimant, Susan D. Sloan. We affirm without discussion the first two points on appeal. As to the third point, the judge of compensation claims (JCC) determined that the testimony regarding the claimant’s job duties and the medical evidence supported a finding that Sloan’s tibial tendonitis condition constituted a compensa-ble injury under the repetitive trivial trauma theory. As explained below, because competent substantial evidence supports this determination, we affirm this point as well.
At the hearing, Sloan testified as to her job duties and the JCC properly accepted this testimony. See Jones v. Citrus Central, Inc., 537 So.2d 1123, 1125 (Fla. 1st DCA 1989) (credibility of witness’ testimony is solely for JCC to determine); Calleyro v. Mount Sinai Hosp., 504 So.2d 1336, 1337-38 (Fla. 1st DCA), revieio denied, 513 So.2d 1062 (Fla.1987) (JCC occupies superior position over reviewing tribunal in assessing credibility of witness’ live testimony). Further, Dr. Paul Gotkin testified that Sloan had an enlarged navicular bone, an inherited abnormality, and that this, coupled with her job duties, resulted in her injury. Specifically, when presented with hypothetical questions including Sloan’s abnormality and detailing her job duties, Dr. Gotkin responded that, within a reasonable degree of medical probability, her employment could have caused her injury. In addition, Dr. Gotkin indicated in both his deposition testimony and in a letter to Sloan’s attorney that, consistent with a repetitive trauma injury, Sloan’s pain was characterized by a gradual onset of three weeks duration. Finally, Dr. Gotkin testified that Sloan did not tell him that she had suffered an acute injury; rather, she informed him that her pain began three weeks prior to her visit and had gradually increased. Thus, although Sloan testified at the hearing that she suffered an acute injury three weeks before she saw Dr. Gotkin, the JCC properly rejected this testimony. Competent substantial evidence therefore sup *1201 ports the JCC’s finding that Sloan’s condition constituted a compensable injury under a theory of repetitive trivial trauma. See Alvarez v. City of Tampa, 647 So.2d 301, 303 (Fla. 1st DCA 1994) (“Exposure to the alleged condition or activity on a constant daily basis or intermittently on a weekly basis serves as proof of causation, but such facts are not the controlling consideration; they must be considered with the evidence as a whole, including medical testimony regarding causation, when determining whether the alleged injury was caused by repeated traumas.”); Patton v. Metal Indus., 636 So.2d 891, 892 (Fla. 1st DCA 1994) (“[E]ven a single medical opinion is sufficient to establish a causal relationship between a claimant’s physical condition and the employment.”).
AFFIRMED.
ZEHMER, C.J., and ALLEN, J., concur.
KAHN, J., dissents with written opinion.