JOANOS, Judge.
Frederick Hamilton has appealed from an order of the deputy commissioner denying his claim for a medical evaluation. We reverse.
Hamilton injured his hand in February 1987 when he stepped in a hole and fell backwards into some barbed wire. It is undisputed that, prior to and at the time of this incident, Hamilton suffered from lum-bosacral disease. He testified that, after his fall, he suffered pain radiating from his low back down his right leg. He did not mention this pain to the physician who initially treated his hand three days after the fall, but the record amply supports his testimony that he did so during a hospitalization for chest pain three days later. Hamilton also testified without contradiction that, pursuant to the advice of hospital personnel, he sought orthopedic evaluation of his back and leg from the employer/carrier (“E/C”) but that authorization therefor was refused.
It was also shown that, seven months after his fall, Hamilton entered into a settlement agreement accepting a lump sum payment in exchange for the E/C’s release from liability for future payments of compensation other than medical expenses. Three months after the settlement was approved by the deputy, Hamilton wrote a letter alleging unpaid medical expenses, which was construed as a claim for medical benefits. At the subsequent hearing, along with Hamilton’s testimony and his medical records, the deputy received evidence of his numerous past worker’s compensation claims and his action on at least one other occasion of seeking benefits after a settlement agreement. Characterizing Hamilton’s previous claims after settlement as “spurious,” and finding that Hamilton related no history of back injury to his treating physicians after the fall, the deputy rejected his testimony as incredible. The claim was denied and dismissed with prejudice.
The correctness of an order refusing a medical evaluation must be tested by whether the claimant adequately demonstrated that such benefits were reasonably required by the nature of the injury. Sumner v. Gardinier, Inc., 526 So.2d 1068, 1070 (Fla. 1st DCA 1988). Where tests are intended to better ascertain the cause of a claimant’s symptoms, and such symptoms may be related to treatment for a compen-sable injury, claimant should be awarded diagnostic testing. Sumner at 1070 citing Abbott v. Price Plumbing, Inc., 500 So.2d 698, 699 (Fla. 1st DCA 1987).
In this case, the claimant testified that he felt pain in his back after the accident and that he complained to his treating phy *136 sicians but was put off because of concern over chest pain he was experiencing at the same time. He also testified that medical personnel recommended that he consult an orthopedist, and that the E/C rejected his request to do so. The E/C does not refute this testimony. However, as noted above, the deputy rejected it as incredible, based on Hamilton’s numerous previous compensation claims and a practice of seeking benefits after settlement agreements.
Assuming arguendo that the deputy’s finding on Hamilton’s credibility is justified by his past conduct, a claimant’s lack of credibility is not an adequate basis for rejection of competent evidence supporting his contention that his condition is work-related. Blocker v. Ardmore Farms, 524 So.2d 1081, 1083 (Fla. 1st DCA 1988). Here, other evidence in the record shows that Hamilton suffered from a pre-existing back condition, objectively demonstrates that Hamilton did, in fact, complain of back and leg pain contemporaneously with the date of the accident, and reflects a type of accident (stepping in a hole and falling backwards) likely to result in a back injury.
We therefore find that Hamilton met his burden to demonstrate that an orthopedic evaluation was reasonably required to better ascertain the cause of his symptoms, which the evidence shows may be related to his industrial accident. The order denying and dismissing the claim is reversed, and the case remanded for an award of orthopedic evaluation only of Hamilton’s back and leg.
BOOTH and MINER, JJ., concur.