CAWTHON, Senior Judge.
This is an appeal from a workers’ compensation order awarding permanent, total disability benefits from February 23, 1989, statutory interest on all past-due and unpaid compensation, costs and penalties in the amount of $412.80 for the late action taken on June to October and December 1989 wage loss requests.
We find that the Judge of Compensation Claims (JCC) erroneously relied on Dr. Wallquist’s medical evaluation, which was not admitted into evidence. See Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989) (JCC’s decision may not be predicated on material that has not been admitted into evidence); Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988) (error for the JCC to rely upon a non-record report). However, we affirm the award of permanent, total disability benefits because it was supported by other competent, substantial evidence in the record. See Jones v. Plantation Foods, 388 So.2d 590 (Fla. 1st DCA 1980) (even though JCC considered medical reports not in evidence, the order was affirmed because it was not based solely on the medical reports).
The award of penalties for the late action taken on June to October and December 1989 wage loss requests is stricken based on the JCC’s failure to award wage loss benefits for those months and based on the award of permanent, total disability and interest for the same time period.
Accordingly, the Judge of Compensation Claim’s award of permanent, total disability benefits is affirmed, and the award of penalties for the failure to pay wage loss is stricken.
JOANOS and ZEHMER, JJ., concur.