596 So.2d 135 (1992)
Mark B. COZZENS, Appellant,
v.
ST. JOE CONTAINER COMPANY and Hewitt, Coleman and Associates, Appellees.
No. 90-3198.
District Court of Appeal of Florida, First District.
March 17, 1992.
Sharon P. Jorgensen, St. Petersburg, for appellant.
Charles E. Bentley and Sherri Lynn Hussey, of Holland & Knight, Lakeland, for appellees.
PER CURIAM.
The claimant challenges a workers' compensation order denying his claim for additional disability, wage loss and medical benefits. He asserts that the judge of compensation claims erred in finding no causal relationship between the March 1989 accident and his condition because there was uncontradicted medical testimony that his *136 condition was causally related to the industrial accident. He also asserts that the judge erred in relying on the lack of an adequate job search as a basis for denying benefits because the employer/carrier admitted that they did not advise him of his obligation to look for work. We reverse and remand to the judge for a determination of whether there is a causal relationship between the March 1989 accident and claimant's inability to earn.
The claimant reported a work related back injury on March 21, 1989. The employer accepted the injury as compensable and began providing benefits. The claimant was initially treated by Dr. Ancaya. He was later referred to Dr. Bellegarrique, who sent him to Florida Medical Systems for physical therapy. His last visit with Dr. Bellegarrique was on June 13, 1989; his last physical therapy session was on June 27, 1989. Florida Medical Systems received a letter from the employer dated June 23, 1989, which states in its entirety: "We will not be liable for further therapy for this patient." Dr. Bellegarrique's files contained a notation that the employer is "no longer responsible for bills, no longer workmen compensation, patient doesn't work there anymore per Linda." Claimant's employment was terminated on May 24, 1989.
The claimant testified that neither Florida Medical Systems nor Dr. Bellegarrique would provide further treatment after being informed that the employer would not be responsible for payment. He was subsequently treated by Dr. Ciccarello, beginning on October 11, 1989. Dr. Welberry did a consultation examination of the claimant for Dr. Ciccarello in January 1990.
Both Dr. Ciccarello and Dr. Welberry testified that the claimant's current problems could be related to the March 1989 accident. Neither, however, was aware that the claimant had experienced previous back problems. Dr. Ancaya had previously treated the claimant for neck and shoulder pain. He testified that he did not think that the condition for which claimant was examined in March 1989 was related to the condition for which claimant was seen in October 1988.
Dr. Ancaya released the claimant to light duty work approximately one week after the accident. Dr. Ciccarello testified that he would not have allowed him to do any work at the time he began treating the claimant in October, but that they encouraged him to start seeking employment around December 12, 1989. When released from treatment on May 25, 1990, Dr. Ciccarello felt the claimant could do almost anything within reason and was advised that he could work. Dr. Welberry testified that he felt the claimant could not return to work at the time of his January 1990 examination.
The claimant testified that he did not think Dr. Ciccarello released him to return to work until May 25, 1990; he then stated he was not sure if Dr. Ciccarello released him to light duty work in December 1989. He began looking for work in June 1990, telling prospective employers he could not lift over forty pounds; this restriction was from instructions given to him by Dr. Ciccarello when he first began treating the claimant. The employer/carrier testified that the claimant was not given any information about workers' compensation benefits or the necessity to perform an adequate job search.
The judge found that the claimant was not entitled to any additional temporary disability or wage loss benefits:
4... . [T]here is no evidence that Claimant's alleged loss of income, following his termination, was due to his industrial accident, and not because of economic conditions or the unavailability of employment. I also find that Claimant has failed to meet his statutory burden of proof that his industrial injury had any material effect on his inability to perform his regular job or earn the same wages in alternate employment. Further, I find that Claimant has failed to demonstrate a sincere effort to find replacement employment after he was terminated for cause by the Employer.
5. I also find that Claimant is not entitled to additional temporary disability *137 benefits because he misrepresented his prior back condition to several of the physicians who treated him.
The judge accordingly disregarded the opinions of Dr. Ciccarello and Dr. Welberry regarding the cause of the claimant's injury and disregarded Dr. Bellegarrique's opinion regarding the extent and duration of the injury. With regard to Dr. Ancaya's testimony, the judge noted that Dr. Ancaya considered it possible that the claimant's compression fracture occurred prior to the industrial injury and that Dr. Ancaya testified that the x-ray taken in April 1989 showed no significant changes in comparison to an x-ray taken in December 1986 as part of the claimant's pre-employment physical.
The judge denied benefits ostensibly because he found no causal relationship between the industrial accident and claimant's loss of income. The judge supported this finding by rejecting the medical opinions, all of which would have favored compensability but for the fact that the claimant failed to advise of an earlier injury. A doctor's medical opinion cannot be disregarded because the judge finds that the history given the doctor by the claimant was false or incomplete, unless appropriate questions are put to the doctor specifically inquiring about the effect of the false or omitted information on the doctor's previously expressed opinion. Faucher v. R.C.F. Developers, 569 So.2d 794, 801 (Fla. 1st DCA 1990).
The employer/carrier asked Dr. Ciccarello and Dr. Welberry if the fact that the claimant had previously been treated for a back injury would change their opinions regarding causation. The responses were, at best, equivocal. Dr. Ciccarello stated that his "assumption would be at that point that he re-injured or aggravated or made worse an old injury." Dr. Welberry stated that if the claimant had the findings that his examination revealed on the day of the injury, the claimant could not have carried out the job that allegedly caused the injury. Because the doctors did not clearly recant their opinions on causation based on the claimant's prior treatment for back problems, the judge's findings in this regard are not sufficient to be conclusive on the issue of whether there is a causal relationship between the industrial accident and the claimant's loss of earnings.
Furthermore, the judge buttressed his finding of lack of causation by finding the claimant did not conduct an adequate job search. The record is clear, however, that the employer/carrier never informed the claimant of this requirement nor provided him with the wherewithal to conduct and report such a job search. Because the employer/carrier did not inform the claimant of his responsibility to conduct a work search, he is excused from conducting a work search. See Coq v. Fuchs Baking Company, 507 So.2d 138 (Fla. 1st DCA 1987).
The compensation order is REVERSED. The cause is REMANDED to the judge of compensation claims for a determination of whether there is a causal relationship between the industrial accident and the claimant's loss of earnings.
ERVIN, BARFIELD and ALLEN, JJ., concur.