PER CURIAM.
Claimant, Gary Michael, appeals a workers’ compensation order denying his claim for temporary disability or wage loss benefits, alternative medical care, penalties, and interest, arising out of an accident on January 17, 1989, in which he twisted his knee and aggravated a preexisting arthritic condition. He raises three points for reversal.
Claimant’s first point contends that the Judge of Compensation Claims erred in ruling that he had reached maximum medical improvement (MMI) as of April 9, 1990. Although the appealed order recites that this finding was based on the stipulation of *244 the parties, the record fails to contain any such stipulation, and Appellees, Employer and Carrier, so concede. Appellees nevertheless argue that the evidence supports a finding of MMI as of that date. Our review of the record fails to support that contention. Accordingly, this finding of the order is reversed.
Claimant’s second point contends that the record lacks competent, substantial evidence to support the judge’s findings that Claimant’s medical symptoms and physical limitations related to the condition of his knee are not the result of the January 1989 accident but are related solely to Claimant’s preexisting arthritic condition. After careful review of the record, we agree with this contention. Dr. Brill’s deposition testimony, taken as a whole, confirms Claimant’s twisting accident as an aggravating cause of his condition when examined by Dr. Brill, although Dr. Brill was unable to express an unqualified opinion that this aggravation was the continuing cause of Claimant’s complaints some two months later. Dr. Lane’s deposition testimony unqualifiedly relates Claimant’s knee condition in January and April 1990 to the aggravation of the arthritic condition by the twisting accident in 1989. The order does not contain any reasonable explanation for rejecting this medical testimony. Accordingly, we reverse this finding. Severini v. Pan American Beauty School, Inc., 557 So.2d 896 (Fla. 1st DCA 1990).
Claimant’s third point contends that the order erred in denying temporary partial disability or wage loss benefits on the ground that Claimant failed to make a good faith work search. Appellees’ argument that this claim was properly rejected because Claimant was not suffering any ill effects from the January 1989 injury during the period after October 1989 covered by his claim is not supported by the record. We reverse this finding in the order because the record establishes without contr-oversion that the employer and carrier failed to advise Claimant of his obligation to make the work searches and submit the wage loss forms to the carrier. Alberta v. American Freight Systems, 565 So.2d 378 (Fla. 1st DCA 1990).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
SMITH, ZEHMER and ALLEN, JJ., concur.