634 So.2d 292 (1994)
Thelma SCOTT, Appellant,
v.
BISANTI SERVICES, INC. and CNA Insurance Co., Appellees.
No. 92-2926.
District Court of Appeal of Florida, First District.
March 31, 1994.
*293 Paul J. Morgan, Orlando, and Bill McCabe, Longwood, for appellant.
Wendell J. Kiser and Edward M. Kuhn, III of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
DAVIS, Judge.
Claimant, Thelma Scott, suffered an industrial accident on June 28, 1989 while pulling a garbage bag out of a garbage pail. Claimant was employed as a janitor for Bisanti Services, Inc. at the time of the industrial accident. Claimant appeals from an order of the Judge of Compensation Claims (JCC) denying claimant's claim for compensation and medical benefits. The claimant raises seven issues: (1) whether the JCC erred in basing his decision, in part, on claimant's deposition of January 30, 1990, when that deposition was not introduced into evidence; (2) whether the JCC erred in finding that claimant had fully recovered from her industrial accident and that claimant's current condition was not causally related to her industrial accident; (3) whether the JCC erred in denying claimant's claim for permanent total disability (PTD) benefits; (4) whether the JCC erred in denying claimant's claim for indemnity benefits; (5) whether the JCC erred in denying claimant's claim for medical treatment and past medical bills; (6) whether the JCC erred in finding that claimant's average weekly wage (AWW) was $37.50 with a corresponding compensation rate of $25.00; and (7) whether the JCC erred in denying claimant's claim for costs, interest, penalties and attorney's fees.
As to issue one, we find that the JCC's reliance, in part, on claimant's deposition of January 30, 1990 was harmless error because the findings of the JCC which were derived from this deposition are supported by other competent substantial evidence in the record. As to issues three and six, we conclude that the JCC's findings are supported by competent substantial evidence in the record. Because the JCC premised his denial of claimant's claims on his erroneous interpretation of the testimony of Dr. Uricchio, we must reverse and remand for further proceedings as to the remaining issues.
In denying claimant's claim for compensation and medical benefits, the JCC accepted the testimony of Dr. Uricchio, an orthopedic surgeon, over the opinions of Dr. Godleski, Dr. Preziosi, Dr. Khanna and Dr. Tewari. The JCC concluded that he accepted the opinions of Dr. Uricchio that claimant had fully recovered from her industrial accident as of August 30, 1989, and that claimant's internal problems were not related to the industrial accident. The JCC further found that the treatment rendered by Dr. Khanna, Dr. Godleski, Dr. Preziosi and Dr. Tewari was unauthorized by the employer/carrier and that the employer/carrier was not responsible for these bills because there was no showing that the visits were on an emergency basis. The JCC also concluded that the treatment by these doctors was for conditions unrelated to the industrial accident.
With regard to issue two, we find no evidence in the record to support the JCC's finding that Dr. Uricchio concluded that claimant had fully recovered from her industrial accident. Although Dr. Uricchio gave deposition testimony that he did not make any objective orthopedic findings that would keep claimant from returning to full-duty work as of August 30, 1989, Dr. Uricchio also indicated that he would place temporary restrictions on claimant's work activities based on claimant's subjective complaints. Moreover, the last time that Dr. Uricchio saw the claimant, he scheduled claimant for an isotope bone scan, MRI and thermogram in an attempt to define claimant's clinical picture. *294 The record shows that when claimant went for these diagnostic tests, she discovered that the carrier had not authorized the tests.
We also find a lack of competent substantial evidence in the record to support the JCC's finding that Dr. Uricchio concluded that claimant's pancreatitis and hernia were not related to the industrial accident. The record shows that during Dr. Uricchio's care and treatment of claimant, claimant had vague complaints of soreness in her upper chest area. Although Dr. Uricchio testified that it seemed highly unlikely that claimant's complaints in the upper chest area would be related to the industrial accident, the record shows that claimant was not diagnosed as having a hiatal hernia and pancreatitis until after she concluded her treatment with Dr. Uricchio. It is also apparent from the record that Dr. Uricchio, an orthopedic surgeon, was not evaluating claimant's thoracic complaints and deferred a further evaluation concerning these conditions to claimant's family practitioner or internist. The JCC's finding that claimant had fully recovered from the industrial accident and that claimant's internal problems were not causally related to claimant's industrial accident based on an acceptance of the testimony of Dr. Uricchio and a rejection of the testimony of Dr. Godleski, Dr. Preziosi, Dr. Khanna and Dr. Tewari is reversed and remanded for reconsideration of the evidence.
With regard to issue four, the JCC found that claimant was not entitled to indemnity benefits from the date of Dr. Uricchio's release of claimant to the present. The JCC based his finding on the fact that Dr. Uricchio released claimant to full-duty work in August 1989. Claimant testified that the employer/carrier did not advise her of her obligation to perform a job search. Claimant further did not recall receiving any work search forms from the employer/carrier. The employer/carrier did not refute claimant's testimony that she was not aware of her responsibility to conduct a work search. A claimant is excused from her obligation to perform a work search where the employer/carrier fails to advise the claimant of her obligation to perform a work search and to submit wage loss forms to the carrier. Michael v. Nat'l Indus. Inc., 599 So.2d 243 (Fla. 1st DCA 1992); Cozzens v. St. Joe Container Co., 596 So.2d 135 (Fla. 1st DCA 1992). The JCC's denial of indemnity benefits is thus reversed and remanded for further proceedings. Upon remand, claimant's entitlement to indemnity benefits is conditioned upon a finding by the JCC of a causal relationship between the industrial accident and claimant's loss of earnings.
With regard to issue five, the JCC found that the treatment rendered by Dr. Khanna, Dr. Godleski, Dr. Preziosi and Dr. Tewari was unauthorized by the employer/carrier and was for conditions unrelated to the industrial accident. The record reveals that claimant was last seen by Dr. Uricchio on September 19, 1989. At that time, claimant's clinical picture remained unchanged, and Dr. Uricchio planned to schedule claimant for an isotope bone scan, MRI and thermogram to define claimant's clinical picture. The record shows that when claimant went for the tests, the tests were not performed because the carrier had not authorized the tests. Claimant thereafter tried to make appointments with Dr. Uricchio, but was informed she could not do so because Dr. Uricchio had been deauthorized. After learning that the employer/carrier had deauthorized Dr. Uricchio, claimant incurred her own medical bills, including the costs of diagnostic testing.
Whenever the purpose of a diagnostic test is to determine the cause of a claimant's symptoms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable, even if it should later be determined that the claimant suffered from both compensable and noncompensable conditions. Perry v. Ridgecrest Int'l, 548 So.2d 826 (Fla. 1st DCA 1989); Green v. Chromalloy-Turbocumbustor, 540 So.2d 874 (Fla. 1st DCA 1989); Hamilton v. Early Bird Stud Farms, 540 So.2d 134 (Fla. 1st DCA 1989). Diagnostic testing which is recommended by an authorized physician is implicitly authorized. Prince v. Prince Ins. Serv., 556 So.2d 1195 (Fla. 1st DCA 1990). Further, once an injured employee establishes a satisfactory physician-patient relationship with an authorized *295 physician, the employer/carrier may not deauthorize that physician without the employee's prior agreement or without the approval of the JCC. Stuckey v. Eagle Pest Control Co., 531 So.2d 350 (Fla. 1st DCA 1988). When the employer/carrier deauthorizes claimant's first treating physician without authorizing alternative medical care, even when a claimant requests such care, claimant is justified in seeking medical care from a physician of her own choosing. Massaro v. Columbian Apartments, 457 So.2d 1131 (Fla. 1st DCA 1984).
Because the employer/carrier deauthorized Dr. Uricchio without claimant's consent or approval by the JCC, we find that claimant was justified in seeking medical care on her own. Therefore, the portion of the order which denies payment of the medical bills of Dr. Khanna, Dr. Godleski, Dr. Preziosi and Dr. Tewari is reversed and remanded for reconsideration. Upon remand, claimant's entitlement to payment of the medical bills of these physicians is conditioned upon a finding by the JCC that the treatment rendered by these physicians was reasonable and necessary and for conditions related to claimant's industrial accident.
With regard to issue seven, the JCC's denial of claimant's claim for costs, interest, attorney's fees and penalties is reversed and remanded to the JCC for further consideration in light of our reversal as to the issues raised by claimant.
The order is AFFIRMED in part and REVERSED in part, and this cause is REMANDED for further proceedings in accordance with this opinion.
ERVIN and MICKLE, JJ., concur.