KAHN, Judge,
dissenting in part and concurring in part.
I agree with the majority that the specific listed portions of certain of the findings below are unsupported by the record. However, a JCC’s partial reliance on factual information not placed in the record constitutes harmless error where other competent substantial evidence contained in the record supports the conclusions. See Scott v. Bisanti Services, Inc., 634 So.2d 292 (Fla. 1st DCA 1994) (JCC’s reliance, in part, on deposition not introduced into evidence was harmless error where other competent substantial evidence in the record supported the findings); Compton & Associates, P.A. v. Wilkerson, 580 So.2d 626 (Fla. 1st DCA 1991) (erroneous reliance on medical evaluation not admitted into evidence was insufficient to require reversal where award was supported by other competent substantial evidence). In my view, this rule applies to the instant case because competent substantial evidence supports the JCC’s order even absent the erroneous factual findings. I would therefore characterize the error as harmless and affirm the decision.
Considering the order absent the unsupported factual findings, record evidence will support the judge’s conclusions. First the JCC’s holding that claimant suffered no permanent physical impairment as a result of his December 26,1992, accident is still supported by competent substantial evidence. In finding number 13, the JCC’s reliance on Dr. Melton’s opinion that claimant’s permanent impairment was the result of an intervening cause remains unaffected. Although the majority takes issue with the unsupported bathtub fall (and I agree), the remaining portions of finding number 13 go unmentioned. For instance, the JCC found that any permanency suffered by claimant was due to “some other unrelated cause.” In making this finding, the JCC correctly relied on Dr. Melton’s testimony which was suggestive of another injury not reported by claimant. Moreover, in the same finding, number 13, the JCC found that the claimant was so lacking in candor that his testimony and medical history were totally unworthy of belief. None of the other medical evidence accepted by the JCC, and supporting a finding of no permanent impairment, appears affected by any errors in the order. Although the testimony of a chiropractor, Dr. Merritt, suggests permanent impairment, the JCC’s rejection of that testimony is supported by the record. Finally, the JCC’s finding that claimant was wholly unbelievable is still supported by the record even without considering the factual errors. Therefore, because other competent substantial evidence in the record supports the JCC’s decision, his partial reliance on the factual errors contained in the order is harmless error.
Record evidence supports the finding that Dr. Merritt’s testimony was not credible. A JCC can choose to reject the testimony of one doctor without explanation when it conflicts with the testimony of several others as long as the reason for doing so is apparent in the record. Stacy v. Venice Isles Mobile Home Park, 635 So.2d 1039 (Fla. 1st DCA 1994). Dr. Merritt’s diagnosis of serious injury where several other doctors were unable *1353 to discern any objective indications of injury supports the JCC’s finding that Dr. Merritt’s conclusions were inconsistent with the accepted medical evidence. Further, the accepted medical evidence found chiropractic treatment to be contraindicated. The JCC also found Dr. Merritt not to be credible based upon his own personal knowledge of Dr. Merritt. Finally, the JCC found that Dr. Merritt engaged in fraudulent behavior concerning the claimant’s chiropractic bills. Therefore, competent substantial evidence exists to support the JCC’s conclusion that Dr. Merritt was not credible.
Similarly, competent substantial evidence exists to support the finding that claimant is not credible. The JCC determined that claimant was being untruthful about his alleged transportation problems. This finding is supported, in part, by George Bushn’s hearing testimony in which he noted that claimant was unable to keep scheduled physical therapy appointments with authorized doctors because he claimed to have no transportation, yet he was able to keep an appointment with Dr. Merritt one day after his scheduled physical therapy appointments. The JCC further found that claimant was uncooperative concerning his authorized medical treatment, untruthful with the authorized doctors, and “unmotivated to improve or return to work.” This finding is supported by Dr. Melton’s testimony. The JCC determined that claimant had been uncooperative with the employer/carrier during pretrial discovery because he had failed to show up for a deposition, he refused to disclose the addresses of his various places of residence or the names of those with whom he had resided, and he failed to treat with the physicians authorized by the employer/carrier. Further, the JCC determined that claimant had been untruthful when he claimed he could not report to work because he could not stand up, as such complaints were inconsistent with the accepted medical evidence. The JCC also found that claimant generally “overexaggerated his complaints and intentionally misrepresented his physical condition.” This finding is also supported by the fact that claimant’s complaints were not consistent with the ascribed medical restrictions. Finally, the JCC’s findings were also supported by his characterization that claimant’s “lack of candor, furtive demeanor, and inconsistent statements render his testimony to be totally unworthy of belief.”
Competent substantial evidence also exists to support the finding that claimant’s psychiatric impairment is not related to his industrial accident. First, the JCC determined that claimant had exaggerated his physical symptoms and had understated other causes of stress rendering the opinions of the psychiatrists “fatally flawed” concerning causation. Second, the JCC found that claimant’s claims of depression were at least as likely to be the result of his significant personal problems as his minor industrial injury. These findings are supported by claimant’s own testimony describing his various personal problems. For example, claimant testified that someone “shot the house up” in which he was staying. Also, claimant had recently been divorced, and he stated that his wife’s plan to remarry upset him. Additionally, claimant testified that he was depressed, drank alcohol “a lot,” and took pain pills that he bought “from people off the street.” The JCC’s exaggerated statement that claimant “spent most days” drinking and taking illicit drugs is mere surplus in light of claimant’s admissions concerning his behavior. These findings are competent substantial evidence that any psychiatric impairment that claimant might have are not the result of his industrial injury.
I would view the factual errors in the JCC’s order as either related to collateral matters or merely cumulative to record evidence that does support the conclusions. The dispositive issue in this case is whether claimant suffered a permanent impairment as the result of an industrial accident. Given the JCC’s rejection of Dr. Merritt’s testimony and the JCC’s conclusions concerning claimant’s credibility, I am unable to envision a scenario in which the factual errors pointed out by the majority would affect the outcome of this case. Accordingly, I view the errors in the order before us as harmless and would affirm. I concur in the majority’s treatment of the testimony of Dr. Melton.