717 So.2d 91 (1998)
JOHNS EASTERN COMPANY, INC., and Orange County, Appellants,
v.
Cathy MATTA, Appellee.
Nos. 97-1566, 97-3647.
District Court of Appeal of Florida, First District.
August 7, 1998.
Pamela Craig and Ronald S. Webster of Whittaker, Stump, Webster & Craig, Orlando, for Appellants.
Robert F. Sprick, Orlando, for Appellee.
PADOVANO, Judge.
Orange County and Johns Eastern Company, the employer and servicing agent, appeal a final order awarding medical benefits to the claimant, Cathy Matta. We reverse for a new hearing on the merits of the claim because the determination of compensability was based on medical testimony that should not have been admitted in evidence. This disposition requires reversal of a subsequent final order awarding attorneys' fees, as well.
The claimant had been employed as a court reporter at the Orange County Courthouse for about ten years before the litigation in this case began. On January 11, 1996, she filed a request for assistance alleging that exposure to indoor air contaminants in the courthouse had caused her to develop respiratory disease. Then, on February 23, 1996, she filed a petition for benefits seeking compensability, medical benefits, and attorneys' fees and costs. The employer and servicing agent took the position that the claimant's respiratory illness was not compensable and therefore denied the claim.
Before the hearing, the claimant filed a motion to designate Dr. Alan Varraux as a medical advisor. The employer and servicing agent objected to this request and argued that Dr. Varraux was an expert hired by the claimant and that he could not serve as an impartial medical advisor. This argument failed. Over a renewed objection at the hearing, the judge of compensation claims designated Dr. Varraux as a medical advisor and allowed the introduction of his deposition in evidence. On the merits, the judge determined that the claimant's respiratory illness was compensable. This decision was based in material part on Dr. Varraux's testimony that the claimant's illness was caused by *92 exposure to contaminants in the air in the courthouse.
The final order, entered on March 28, 1997, directs the employer and servicing agent to provide medical treatment for the claimant's illness. In this order, the judge of compensation claims also ruled that the claimant was entitled to attorneys' fees and costs. On August 21, 1997, following a hearing on the issue of fees and costs, the judge entered an order awarding the claimant attorneys' fees in the amount of $60,500.00 and costs in the amount of $12,525.80. The employer and servicing agent filed a timely appeal from each of these orders and the appeals have been consolidated.
Among other points on appeal, the employer and servicing agent contend that the judge of compensation claims erred in admitting the deposition testimony of Dr. Varraux in evidence. They maintain that Dr. Varraux did not qualify as a medical advisor and that there was no other basis for the admission of his testimony. We agree.
Section 440.13(9), Florida Statutes (Supp. 1994), provides that the Division of Workers' Compensation shall certify expert medical advisors in each specialty to assist the division and the judges of compensation claims. In the context of this statute, the designation "expert medical advisor" means "a physician who has been certified by the division as an expert medical advisor and who has contracted with the division to provide peer review or medical consultation to the division or to a judge of compensation claims." See Fla. Admin. Code r.38F-54.002(10). An expert medical advisor may be appointed by the division or by the judge, depending on the criteria in section 440.13(9)(c), Florida Statutes, but, in either case, the selection must be made from those physicians who are certified by the division.
In workers' compensation cases, the admission of medical opinion testimony is limited by statute to the testimony of a medical advisor, an independent medical examiner, or an authorized treating provider. Section 440.13(5)(e), Florida Statutes provides that "[n]o medical opinion other than the opinion of a medical advisor appointed by the judge of compensation claims or division, an independent medical examiner, or an authorized treating provider is admissible in proceedings before the judge of compensation claims." As we explained in Washington v. Orange County School Board, 702 So.2d 1356 (Fla. 1st DCA 1997), the phrase "medical advisor" in this statute refers to an expert medical advisor certified by the division.
Dr. Varraux is not an expert medical advisor within the meaning of section 440.13(9), Florida Statutes, because he was not selected and certified by the division. The parties concede that he was not an authorized treating physician and that he does not qualify as an independent medical examiner. Consequently, his testimony should have been excluded under section 440.13(5)(e), Florida Statutes. Dr. Varraux provided important testimony in that he established the causal relationship between the claimant's respiratory illness and the contaminated air in the courthouse. We are not able to say that the admission of this testimony was harmless error.
The evidentiary error in this case requires reversal of the award of medical benefits for a new hearing on the merits of the claim. The attorneys' fee order was based on the fact that the claimant was the prevailing party on a claim for medical benefits, so it must be reversed, as well. Because the parties will have an opportunity to present additional evidence on remand, we need not determine whether the evidence apart from Dr. Varraux's testimony was insufficient to establish the element of causation. For the same reason, we decline to address the other issues presented on appeal.
Reversed and remanded.
BENTON and VAN NORTWICK, JJ., concur.