746 So.2d 576 (1999)
CRAWFORD & COMPANY, and Fleetwood Homes of America, Appellants,
v.
Tanya BAXLA, Appellee.
No. 99-349.
District Court of Appeal of Florida, First District.
December 21, 1999.
Derrick E. Cox and W. Rogers Turner, Jr., of Hurley, Rogner, Miller, Cox & Waranch, P.A., of Orlando, for Appellants.
*577 Susan W. Fox and Brendan M. Lee of MacFarlane Ferguson & McMullen of Tampa and H. Guy Smith of Smith, Feddeler, Smith & Miles, P.A., of Lakeland, for Appellee.
BROWNING, J.
Appellants, Crawford & Company and Fleetwood Homes of America (collectively "Appellants"), appeal the order of the Judge of Compensation Claims (JCC) which awarded temporary total and permanent total benefits to the Appellee, Tanya Baxla (Baxla). Appellants argue the JCC reversibly erred on two rulings: 1) by admitting the medical testimony of a physician who was neither an authorized treating physician nor an independent medical examiner (IME); and, 2) by finding treatment rendered to Baxla on April 3, 1997, tolled the statute of limitations, even though the treating physician testified he could not causally relate the treatment to the industrial accident. We affirm the decision of the JCC, finding the first ruling, while error, was harmless for the reasons herein stated, and the second ruling was not preserved for appeal.
The standard of review is whether competent, substantial evidence supports the decision below. Cumberland Farms, Inc. v. Manning, 685 So.2d 64 (Fla. 1st DCA 1996). This court has consistently held that the testimony of a physician who is not a medical advisor, an IME, or an authorized treating physician is inadmissible in workers' compensation cases. Johns Eastern Company, Inc. v. Matta, 717 So.2d 91 (Fla. 1st DCA 1998); Bassett v. Laber, 722 So.2d 834 (Fla. 1st DCA 1998). Thus, in the case at bar, the JCC clearly erred in admitting, and relying upon, the testimony of a physician who was not a medical advisor, an IME, or an authorized treating physician. However, under the facts of this case, the error was harmless because the testimony of a physician who was authorized as an IME essentially mirrored the improperly admitted testimony, and his testimony was also relied upon by the JCC. Because the record contains competent, substantial evidence independent of the erroneously admitted testimony, the JCC must be affirmed. Scott v. Bisanti Services, Inc., 634 So.2d 292 (Fla. 1st DCA 1994); Compton & Associates v. Wilkerson, 580 So.2d 626 (Fla. 1st DCA 1991).
Notwithstanding this decision, we remind the JCC that the erroneous admission of such testimony evidences inattention to long-recognized principles of law. The affirmance rendered under the facts presented in the case at bar should be viewed as a rare exception. In the future, such an erroneous admission will, in all likelihood, not be considered harmless and will result in reversal with the attendant inconvenience and expense. Matta, 717 So.2d at 91; Bassett, 722 So.2d at 834.
AFFIRMED.
BOOTH and KAHN, JJ., CONCUR.