791 So.2d 535 (2001)
HORTICULTURE PLUS, INC., and Florida Retail Federation Self Insurer's Fund, Appellants,
v.
Vincent Michael ASH, Appellee.
No. 1D00-611.
District Court of Appeal of Florida, First District.
July 26, 2001.
*536 H. George Kagan and Elaine L. Thompson, Miller, Kagan, Rodriguez, and Silver, P.A., West Palm Beach, for Appellants.
Vincent A. Lloyd, Lloyd, Hoskins, & Pierce, Ft. Pierce; Lisa D. Harpring, Harpring & Harpring, LLP, Vero Beach, for Appellee.
POLSTON, J.
Employee Vincent Ash died on October 18, 1997, and is survived by his wife, Amy Ash, and his minor daughter. The parties dispute whether Mr. Ash's death was caused by (i) heart disease, or (ii) exposure to the herbicide Diquat Dibromide in combination with the physical exertion necessitated to spray the herbicide. Appellants assert that the Judge of Compensation Claims ("JCC") erred by not appointing an expert medical advisor ("EMA") pursuant to section 440.13(9)(c), Florida Statutes.
Contrary to the JCC's ruling, section 440.13(9)(c), Florida Statutes, provides for the mandatory appointment of an EMA where the issue is one of causation. See Palm Springs General Hospital v. Cabrera, 698 So.2d 1352, 1355-56 (Fla. 1st DCA 1997) (§ 440.13(9)(c) is mandatory; EMA should have been appointed where there was a dispute over whether the claimant's injuries resulted from his accident at work or due to a preexisting condition).
Because the JCC ruled as a matter of law that section 440.13(9)(c) was not applicable to this case, he did not reach the factual determination as to whether there was disagreement in the opinions of health care providers under the statute. A "physician" is a health care provider, if certified by the Division of Workers' Compensation. See sections 440.13(1)(r), 440.13(1)(i), Fla. Stat. (1997); Pierre v. Handi Van, Inc., 717 So.2d 1115, 1117 n. 3 (Fla. 1st DCA 1998)(physicians are considered to be health care providers by general definition, citing § 440.13(1)(i)). The JCC did not make any findings as to whether the testifying physicians were certified by the Division of Workers' Compensation.[1] Accordingly, we remand for the JCC to determine *537 whether the conditions required to appoint an EMA are present in this case.
Appellants also argue that the JCC erred by allowing the claimant to introduce the testimony of two independent medical examiners ("IME"). We agree. The JCC overruled Appellants' objection to the use of two IMEs "based on the different medical specialties" of the two physicians. Because the claimant did not make the showing for another IME required by section 440.13(5)(b), Florida Statutes (1997), the JCC's admission of two IME's testimony was in error. See Watkins Engineers and Constructors v. Wise, 698 So.2d 294, 296 (Fla. 1st DCA 1997) (E/C failed to make showing under § 440.13(5)(b)(1) that second IME was permitted because an aspect of the employee's illness was outside of one physician's field and otherwise within the field of another physician; "[w]e reject the E/C's argument that the statute permits multiple IME's by physicians of different specialties"). We cannot say that the error was harmless. See Crawford & Company v. Baxla, 746 So.2d 576, 577 (Fla. 1st DCA 1999)(admission of unauthorized physician testimony was erroneous, and although considered harmless in this case, "[i]n the future, such an erroneous admission will, in all likelihood, not be considered harmless and will result in reversal with the attendant inconvenience and expense.").
REVERSED and REMANDED.
ERVIN and KAHN, JJ., concur.
NOTES
[1] Contrary to the Appellants' argument, claimant preserved this issue for appeal by presenting it to the JCC.