PER CURIAM.
In this workers’ compensation case, the employer and carrier argue that the judge of compensation claims erroneously interpreted section 440.13(9)(c), Florida Statutes (2004), to require that the disagreement between health care providers necessary for the appointment of an expert medical advisor be between health care providers within the same specialty. We agree and, accordingly, reverse and remand for further proceedings.
Here, an orthopedic specialist and a pain management specialist expressed differing opinions as to whether the workplace injury remained the major contributing cause of claimant’s low back condition and need for treatment. The fact that section 440.13(9)(a), Florida Statutes (2004), requires that the Agency for Health Care Administration “certify expert medical ad-visors in each specialty” does not compel the judge’s narrow interpretation of paragraph (c). Paragraph (c) addresses the situation where there is a “disagreement in the opinions of the health care providers.” A “health care provider” is a physician “certified by the agency.” § 440.13(l)(h), Fla. Stat. (2004). A claimant’s treatment for a particular condition may encompass multiple specialists, and causation issues may arise which various health care providers can appropriately address. Because the judge erred as matter of law in his interpretation of section 440.13(9), we reverse the denial of the request for appointment of an expert medical advisor, and remand for further proceedings consistent with this opinion. See Horticulture Plus, Inc. v. Ash, 791 So.2d 535, 536 (Fla. 1st DCA 2001) (reversing a determination that, as matter of law, section 440.13(9)(c) did not apply, and remanding because the judge failed to make a determination as to whether a factual disagreement existed between health care providers).
REVERSED and REMANDED, with directions.
WEBSTER, DAVIS, and VAN NORTWICK, JJ„ concur.